## VERNON J. MILLER V. A. E. McELWAIN.

REPLEVIN *by Mortgagee—Value of Property—Burden of Proof.* Where the holder of a chattel mortgage, under his mortgage, takes possession of a part of the personal property mortgaged, but makes no sale or disposition thereof, as prescribed by the statute, he is liable to the mortgagor for the actual value of the same, at the time and place of taking possession thereof; but where the mortgagee, or any one in possession, claims that the property thus taken by the mortgagor equals or exceeds the mortgage debt, the burden is upon him to prove such fact. If the value equals or exceeds the full amount of the mortgage debt, the mortgage is satisfied thereby; and no other seizure can be had under the mortgage, or in a replevin action founded upon the mortgage.

*Error from Barber District Court.*

ACTION by *Miller* against *McElwain.* Judgment for defendant at the September term, 1889. The plaintiff comes here. The opinion states the facts.

*John A. Murray,* for plaintiff in error:

Instruction No. 4 is manifestly erroneous, because, if the note had been paid, and by reason of that the mortgage satisfied, that was a matter of defense, and must be proven, and the burden of proving it was upon the defendant. When the plaintiff introduced his chattel mortgage and note, together with renewal affidavit, he made, after identifying the cattle, a *prima facie* case. It is a well-settled rule that payment is a special defense, and must be proven by defendant, and in every other kind of a case must be specially pleaded before

proof thereof is admissible. For the foregoing reasons, instruction No. 5 is also erroneous.

The $417 mortgage is not set out in the original petition and no claim made under it; hence the claim under it is admitted by the pleadings, and judgment should have been rendered accordingly for the plaintiff. *Brookover v. Esterly,* 12 Kas. 149; *Cooper v. Machine Co.,* 37 id. 231.

*Thad. G. Cutlip,* and *S. L. Overstreet,* for defendant in error:

Where a chattel mortgagee takes possession of the mortgaged property and does not in good faith advertise and sell it, according to the terms of the mortgage or the statute, he is responsible for its actual cash value at the time and place of taking possession, and the same should have been sold and the proceeds credited on the note. *Denny v. Faulkner,* 22 Kas. 89.

Miller took 18 head of cattle from Hickman under the mortgage, and did not sell them, as required by the terms of the mortgage or the statute, and was therefore responsible for their actual cash value, and the jury found that these cattle were worth not less than the amount due on the $400 note. A part of this note had been paid, if not all of it, before the commencement of this suit; and instruction No. 4 directed the jury to find whether the value of the 18 head of cattle exceeded the amount due on the note. The jury did not answer question 1, and necessarily found that the 18 head of cattle were at least equal in value to the amount due on the note. Plaintiff failed to show that the cattle replevied from McElwain were included in the chattel mortgage from Green to S. G. Miller, and hence the fifth instruction was the law of the case.

The court properly instructed the jury that the burden of proof rested upon the plaintiff to show that the cattle replevied in this action were the cattle covered by the mortgage executed by E. D. Green to S. G. Miller. This the plaintiff failed to show, and the jury found against the plaintiff on this point. This is not raised upon the appeal, and is, therefore, not before the appellate court for consideration.

The opinion of the court was delivered by

HORTON, C. J.: Action in replevin, Vernon J. Miller, the plaintiff, claiming special ownership in certain cattle, and the immediate possession thereof by virtue of two chattel mortgages—one executed on the 5th day of August, 1886, by E. D. Green to S. G. Miller, to secure the payment of $417.85, but filed August 21, 1886, and the other given by Moses Hickman to Edwin Green, on the 2d day of November, 1887, to secure the payment of $930, but not filed for record until the 22d day of November, 1887. McElwain alleged he purchased, in good faith, the stock on the 15th day of November, 1887, before the filing of the mortgage. To the original petition, McElwain filed an answer containing a general denial. Upon the trial, plaintiff filed an amended petition, setting forth a further special interest in the property by virtue of the chattel mortgage of the 5th of August, 1886, given by Green to Miller. No answer was filed to the amended petition, but the case was tried by the court, and all the parties, without objection, upon the theory that the general denial filed to the original petition was also an answer to the petition as amended. Under these circumstances, we cannot, in this court, treat the defendant as in default of answer in the trial court.

It appeared upon the trial that the evidence was conflicting whether the cattle replevied were included in the chattel mortgage from Green to Miller of August 5, 1886; and it further appeared that the plaintiff obtained from Moses Hickman, under his chattel mortgage, 18 head of cattle, but he did not show the value of them. The exact value thereof was not shown by either party. The court instructed the jury, among other things, as follows:

"It is claimed in this case that 18 head of these cattle were turned over to the plaintiff in the case. If you find that such was the fact, and also find that the purchase of McElwain was in good faith and prior to the filing of the second mortgage, then I instruct you that it is the duty of the plain-

tiff to show by a preponderance of the testimony the value of the 18 head turned over to him in this case; and if you find that the value exceeds the amount due on the $417 note, then I instruct you that your verdict must be in favor of the defendant."

If the plaintiff took possession of any part of the mortgaged property, but did not advertise and sell the same, according to the statute, he is responsible for the actual cash value of the cattle at the time and place of taking possession. If such value equaled or exceeded the debt, that satisfied the same, and no further seizure under the chattel mortgage could be had. (*Denny v. Faulkner*, 22 Kas. 89.) The burden was not upon the plaintiff to show the value of the cattle turned over to him, but the defendant might have shown the value, and if the amount thereof equaled or exceeded the mortgage debt, the defendant ought to have recovered. The instruction was erroneous and prejudicial, in placing the burden of proof of the value of the 18 head of cattle upon the plaintiff, when this was a matter of defense and ought to have been established by the defendant. Where the defense is the payment or satisfaction of a note or mortgage sued on, by money or otherwise, such defense is to be proved by the party making the same.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.