CARRIE G. JOHNSON v. E. M. ANDERSON, *Sheriff*.

No. 11120.

1. TROVER—*Chattel Mortgage—Petition Held Sufficient.* A petition alleged that the plaintiff was the holder of a chattel mortgage given to secure notes which were past due at the time of its execution. Copies of the mortgage and notes, with indorsements of certain payments on the latter, were attached as exhibits to the petition, with allegations that the mortgage created a just and valid lien upon the property described; that plaintiff was entitled to the immediate possession of the same; that no part of the indebtedness represented by the notes had been paid; and that the defendant sheriff, without right, took and carried away a portion of the mortgaged property and converted the same to his own use to the damage of plaintiff in an amount given. *Held*, that an objection to the introduction of any evidence under the petition, on the ground that no cause of action was stated therein, was properly overruled.

Johnson v. Anderson.

2. ——— *Attaching Creditors — Prior Mortgagee in Posses-sion.* The fact that a small amount is due from a mortgagor to the holder of a prior mortgage, who was in possession of the property, does not affect the subsequent mortgagee's right to recover from attaching creditors.

3. ——— *No Demand Necessary.* In the case stated no demand of the sheriff for the return of the property was necessary.

Error from the court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed June 10, 1899. Reversed.

*Z. C. Millikin*, for plaintiff in error.

*Bond & Osborn*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action in trover brought by the plaintiff in error in the court below against the sheriff for the conversion of certain goods. The action was based on a chattel mortgage executed by one John H. Johnson to Peter Johnson to secure three promissory notes aggregating the sum of $4500, given by the former, which were past due at the time the mortgage was given. The plaintiff below became the owner of the notes and mortgage by assignment from Peter Johnson. Said mortgage was the third lien on a stock of merchandise, made subject to a first mortgage for $476.63, and a second, in favor of the Farmers' National Bank, for $800. While the second mortgagee was disposing of the goods and applying the proceeds to the payment of its mortgage claim, the first having been satisfied out of the proceeds of goods sold, a writ of attachment was levied on the property by the defendant in error, as sheriff, at the suit of a creditor of John H. Johnson, the mortgagor, and the property was seized as belonging to him.

The petition in the action set out the notes and the mortgage as exhibits thereto, and alleged that the mortgage created a just and valid lien upon the property described, and that the plaintiff was entitled to the immediate possession of the same; that no part of the indebtedness represented by said notes had been paid, and that there was still due thereon the principal sum of $4500 and accrued interest; that the defendant sheriff without right took and carried away a portion of the mortgaged chattels and converted the same to his own use and refused to return the same on demand, to the damage of the plaintiff in the sum of $1015; that the mortgage of the plaintiff below was taken subject to two prior mortgages, it being agreed that when the prior mortgages were satisfied the residue of the goods was to be delivered into the possession of the plaintiff. The mortgage contained certain provisions in substance as follows:

" It is hereby agreed that if default be made in the payment of said sum of money, or upon a failure to comply with any of the conditions herein mentioned, then the whole sum of money hereby secured shall, at the option of the legal holder, become due and payable. And it is hereby agreed that in case of a sale, disposal, removal, unreasonable depreciation, or if the security shall become inadequate, or the party of the second part shall deem himself insecure, then it shall be lawful for the party of the second part to take and dispose of the property at public or private sale. And until default be made as aforesaid, or until such time as the party of the second part shall deem himself insecure as aforesaid, the party of the first part to continue in the peaceable possession of all the said goods and chattels.''

The defendant Anderson answered, justifying his seizure of the goods under the attachment, and alleged that at the time of the levy of the writ the property

was in possession of the Farmers' National Bank under a certain chattel mortgage theretofore executed and delivered to it by said John H. Johnson, which chattel mortgage was the only *bona fide* lien upon said property, and that the chattel mortgage described in plaintiff's petition was executed for the purpose of hindering, delaying and defrauding the creditors of said John H. Johnson, and that no consideration was given therefor; and further, that the notes set out in plaintiff's petition had been paid.

A trial was had, resulting in a verdict and judgment for the plaintiff below in the sum of $1195.33.  Proceedings in error were prosecuted to the court of appeals, northern department, where the judgment of the court below was reversed upon the ground that the petition did not state facts sufficient to constitute a cause of action, the court holding that there was no allegation therein that any of the conditions of the mortgage had been broken, nor allegations showing that the plaintiff below was entitled to the possession of the mortgaged property at the time of the alleged conversion or when the action was commenced; and further, that the petition did not contain any averment that the notes were unpaid, or that there was anything due thereon.

We do not think the position taken by the court of appeals is well founded.  The notes, being past due at the time of the execution of the mortgage, became immediately payable, and hence the mortgagee was entitled to possession at once after the execution and delivery of the mortgage. (Jones, Chat. Mort., §§ 87, 770; *Bearss v. Preston*, 66 Mich. 11; *Johnston & Son v. Robuck*, 104 Iowa, 523, 73 N. W. 1062.)  In Jones on Chattel Mortgages, 4th ed., section 703, it is said:

"If the mortgage secures a debt already.due, and

specifies no time of payment, it is payable immediately, and the mortgagee becomes the absolute owner from the moment of a demand and refusal or neglect of payment. The mortgagor has then merely an equitable right to pay off the mortgage, and his position is that of a bailee.''

The sufficiency of the petition was raised by an objection to the introduction of any evidence under it. This method of attack is not favored, and the allegations of the petition will be construed liberally for the purpose of sustaining it. (*The State v. School District*, 34 Kan. 237, 8 Pac. 208.) The conditions of this mortgage were broken immediately by failure to pay the mortgage debt then due at the time of delivery. We do not agree with the court of appeals that the petition failed to state that the notes were unpaid. It had attached thereto copies of the notes with indorsements thereon, showing partial payments on two of them, with an allegation that all the indorsements thereon were set forth. Deducting the credits, the sum appearing to be due amounted to more than the value of the property converted by the sheriff. The allegation in the petition that the plaintiff had a just and valid lien upon the property is equivalent to saying that the mortgage debt had not been satisfied by payment or otherwise. (*Wilkins v. Moore*, 20 Kan. 538; *Chaffee v. Browne*, 109 Cal. 211, 41 Pac. 1028; *Baldwin v. Boyce*, 51 N. E. [Ind.] 334.) The copies of the notes, which were made part of the petition, showed a balance due the plaintiff below, and no presumption existed that this balance had been paid. The defendant sheriff alleged in his answer that the indebtedness was paid, and it was incumbent upon him to establish this fact. '' Where the defense is the payment or satisfaction of a note or a mortgage sued on, by money or otherwise, such defense is to be proved by the party

making the same." (*Miller v. McElwain*, 52 Kan. 94, 34 Pac. 396; *National Bank v. Hellyar*, 53 id. 695, 37 Pac. 130.)

The contention that there was no demand upon the sheriff, and that the same was necessary, is without merit. The statute vests the legal title and the right of possession in the mortgagee in the absence of stipulations to the contrary. After condition broken, as in this case, the title and possession were subject only to a claim of one of the prior mortgagees for a small amount at the time the writ of attachment was levied. The defendant in error, having wrongfully converted the property in violation of the rights of the plaintiff mortgagee, no demand was necessary to fix his liability before the commencement of the action. Besides, the defendant below justified his right of possession under the attachment and did not rely upon want of demand. Proof therefore of a demand was unnecessary. (*Raper v. Harrison*, 37 Kan. 243, 15 Pac. 219; 2 Cobbey, Chat. Mortg., § 742.)

It is contended that the plaintiff below being a third mortgagee, and one of the prior mortgages being partly unpaid at the time of the attachment, no recovery can be had. The law is otherwise. (*Rankine v. Greer, Adm'r*, 38 Kan. 343, 16 Pac. 680; *Treat v. Gilmore*, 49 Me. 34; *Talcott, Trustee, v. Meigs*, 64 Conn. 55, 29 Atl. 131.)

We have examined the other questions discussed in the brief of the defendant in error and do not find in the record any errors committed by the trial court justifying a reversal of the judgment. Whatever our views may be as to evidence of fraud in the chattel mortgage assigned to Mrs. Johnson, an expression of the same would serve no useful purpose, for the reason that all questions of good faith were submitted to the

jury under instructions which stated the law, and the verdict founded thereon cannot be disturbed.

Differing, as we do, with the court of appeals as to the sufficiency of the petition, the judgment of that court will be reversed and the judgment of the district court affirmed.