## CLINTON NAT. BANK v. McKENNON.

No. 605.   Opinion Filed July 12, 1910.

(110 Pac. 649.)

1. **EVIDENCE—Parol Evidence—Admissibility.** In a suit for conversion of a diamond ring pledged as collateral to secure the payment of a note, where the contract of pledge contained no valid stipulation against plaintiff's right to redeem, it was error for the court to admit testimony of an alleged contemporaneous parol agreement that the ring might be sold by the pledgee at private sale in default of payment of the note.

2.    **TRIAL—Directing Verdict.** It is the duty of the court in directing a verdict to lay out of consideration incompetent testi-' mony received over objection.

3.    **PLEDGES—Conversion—Demand—Necessity.** In a suit for conversion of a diamond ring pledged as collateral to secure the payment of a note, no demand of the pledgee for a return of the property is necessary, where the same has been sold by him pending the pledgor's right to redeem.

(Syllabus by the Court.)

*Error from District Court, Custer County; James R. Tolbert,*
*Judge.*

Action by Chandler B. McKennon against the Clinton National Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

*Andrew J. Welch,* for plaintiff in error.

*Devereux & Hildreth,* for defendant in error.—Citing: Wilson's St. 1903, ch. 50, secs. 5, 10, 11, 18; ch. 63, secs. 12, 13; *Buxton v. Merc. Co.,* 18 Okla. 288; 28 Am. & Eng. Enc. L. 686.

TURNER, J. This is a suit in the nature of trover commenced by Chandler B. McKennon, defendant in error, plaintiff below, in the district court of Custer county, against the Clinton National Bank, plaintiff in error, for the value of a diamond ring. For answer to the petition defendant filed a general denial. There was trial to a jury. At the close of the testimony on both sides, the court instructed the jury to return a verdict for plaintiff, which they did, for $233.40, upon which judgment was rendered and entered, and defendant brings the case here. The bank assigns that the court erred in directing the verdict. The evidence discloses that on July 6, 1907, McKennon borrowed $75 from the bank, and executed his note for $77 payable to it August 6, 1907, with interest. At the same time he pledged to the bank as collateral thereto a ring of the value of $300 whereupon the cashier delivered to him a written instrument, which reads:

"7-6, '07. Received from C. B. McKennon, one diamond ring as collateral for a loan of $77.00: If note is not paid when due,

ring shall become the property of C. H. Nash, Cashier, Clinton National Bank. C. H. Nash."

After banking hours on the day the note fell due, plaintiff, through his agent, whom he furnished with sufficient money to pay the note, telephoned the cashier he would pay the note the next morning, at which time, when he called, said agent was informed by the bank that the ring had been sold. Plaintiff relies on this sale as a conversion, and urges that as the note and receipt constituted the contract of pledge, and as that part of the latter which reads, "If note is not paid when due, ring to become the property of C. H. Nash, Cashier, Clinton National Bank," provided for a forfeiture of the ring in default of payment, that so much of said contract is void under Wilson's Rev. & Ann. St. Okla. 1903, § 3448, which reads:

"All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void, except in the case specified in section 2879,"—

that as his right to redeem was not foreclosed, but still existed by virtue of Wilson's Rev. & Ann. St. Okla. 1903, § 3455, which reads:

"Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed"—

that said sale pending his right to redeem was conversion. This was the view taken by the trial court, and is correct. To escape liability defendant, over objection, introduced evidence tending to prove a contemporaneous parol agreement between plaintiff and the cashier in effect, that in default of payment, the latter might sell the ring at private sale to one Dawson, who agreed, on that event, to take it off the cashier's hands for $100, to be applied in payment of the note, and that the ring had been sold pursuant to said agreement. In support of its contention that the court erred in directing a verdict, the bank contends this was "legal evidence," and, being such and controverted, the cause must be submitted to the jury. Assuming, but not deciding, the rule to be as stated, the

court by directing a verdict for plaintiff in effect held that said evidence was incompetent, and was accordingly laid out of the case in directing the verdict. This was the proper practice. In *Gillett v. Insurance Co.,* 53 Kan. 108, 36 Pac. 52, it is said that it is proper for the court when called on to sustain a demurrer to the evidence to lay out of consideration incompetent testimony admitted over objection, and the same is true where the court directs a verdict. 6 Enc. Pl. & Pr. p. 692; *Sullivan v. Insurance Co.,* 34 Kan. 170, 8 Pac. 112; *Frick v. Reynolds et al.,* 6 Okla. 638, 52 Pac. 391. In that case the court said:

"It is conceded the testimony was incompetent to prove agency, but it is claimed that no proper objection was made, and therefore it should have been considered by the trial court as true, and upon this assumption the demurrer to the plaintiff's evidence should have been overruled. Although the objection was not as specific as it might have been, the admissibility of the testimony was fairly challenged and the objection should have been sustained. It was within the province of the court to correct the error at any time before the final disposition of the case, and it was not improper to strike out or to disregard the incompetent testimony upon the demurrer to the evidence."

But was the evidence incompetent and therefore subject to be excluded as it was? Plaintiff contends that it was—that the written contract evidenced by the note and receipt was not subject to be added to or varied by said contemporaneous agreement. With, "if note is not paid when due, ring shall become the property of C. H. Nash," etc., excluded from the contract, as it properly was by the court, the same being in restraint of plaintiff's right to redeem, there was nothing in the contract militating against that right. That being the case, to permit testimony to prove a contemporaneous parol agreement providing that by private sale the cashier might cut off that right would not only be adding that stipulation to the terms of the contract, and hence inadmissible, but the same, if proven, would likewise be a contract in restraint of plaintiff's right to redeem and also void under the statute. No citation of authority is necessary to make an application so easy. *Buxton v. Alton-Dawson Merc. Co.,* 18 Okla. 287, 90 Pac. 19, is exactly in

point. In that case notes were turned over to creditors as collateral to secure an indebtedness. There was a written contract conditional that they were to be returned upon settlement of the account. It was held not to be error for the court to refuse to allow evidence of an alleged parol agreement that the notes at maturity were to be returned to the debtor for collection to avoid expense of so doing. This for the reason that to do so would in effect be allowing defendant to vary the terms of a written contract.

We are therefore of opinion that the court in directing a verdict did right to lay said evidence out of the case, and, there being then no testimony tending to establish a defense to the action, did not err in directing a verdict for plaintiff. We have not overlooked that part of the note which reads:

"The holder may sell at public or private sale, without notice, any and all collaterals held as security for this note at any time, and credit the proceeds hereof on the note, or collect collaterals by law, and apply the proceeds as aforesaid."

The same affords no justification to defendant for the reason stated (section 3448, *supra*). No demand was necessary before bringing the suit. 28 Am. & Eng. Enc. Law, 686; *Johnson v. Anderson,* 60 Kan. 578, 57 Pac. 513; *Phelps, etc., v. Halsell,* 11 Okla. 1, 65 Pac. 340. The action of the court in entering judgment for plaintiff for the value of the ring less the indebtedness for which it was pledged is affirmed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; KANE, J., not participating.