## DABNEY et al. v. HATHAWAY.

No. 5338.    Opinion Filed September 21, 1915.

Rehearing Denied October 12, 1915.

(152 Pac. 77.)

1.    CHATTEL MORTGAGES—Breach of Conditions—Petition. It is not error to overrule a general demurrer to a petition in replevin, urged because the petition does not specifically allege conditions of chattel mortgage broken, when there is a copy of the mortgage attached to the petition which shows on its face that conditions therein have been broken.

2.    CHATTEL MORTGAGES—Defective Filing—Effect—Rights of Mortgagee. Under section 4031, Rev. Laws 1910, which makes a chattel mortgage void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property for value, unless the mortgage "be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated," held, that the mortgagee has done all the law requires of him when he has filed the mortgage by depositing in the office of the register of deeds; and, if the instrument is not then properly recorded, and indexed, it is the fault of the register of deeds, and the mortgagee will not lose his rights, nor be made to suffer by reason of the laches of the register of deeds.

3.  **ACKNOWLEDGMENT** — **Sufficiency.** The sufficiency of the acknowledgment of a chattel mortgage is not to be tested by section 1179, Rev. Laws 1910, which prescribes a form for acknowledgment of instruments "affecting real estate," but must be tested by section 4036, Rev. Laws 1910, which only requires such an acknowledgment to chattel mortgages as will attest and identify the signature of the mortgagor.

4.  **SAME—Construction—"The Same."** In a notary's certificate of acknowledgment of a chattel mortgage in the following form: "Before me, a notary public within and for the county of Atoka, State of Oklahoma, personally appeared A. M. Smith, a person well known to me to be the person who executed the same, for the purpose and consideration therein mentioned and set out, and, I do hereby so certify"—appearing on same paper with the mortgage, and following the signature of A. M. Smith, the mortgagor, and bearing the same date of the mortgage, **held**, that the phrase "the same" must refer to the mortgage, and should be construed as though the words "this instrument" had been used instead of the phrase "the same."

5.  **TRIAL—Proceedings—Stenographic Record.** Section 1786, Rev. Laws 1910, which provides that all statements of witnesses, the court, or counsel, made during the trial of a cause, and all other matters that might properly be a part of the case-made for appeal or proceedings in error, must be taken down by the stenographer when requested, and that a refusal of the court to permit this to be done is reversible error, confines the matters that counsel may demand to be taken down to such matters as "might properly be made a part of the case-made, for appeal or proceedings in error," and has no reference whatever to matters or remarks foreign to the case being tried.

(Syllabus by Brett, C.)

*Error from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Action by Mary Hathaway against Robert N. Dabney and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*M. C. Haile,* for plaintiffs in error.

*J. M. Humphreys,* for defendant in error.

Opinion by BRETT, C. This is an action in replevin, commenced in the county court of Atoka county, by Mary

E. Hathaway, the defendant in error, against Robert A. Dabney and J. N. Davis, the plaintiffs in error, for the possession of two mules, described in the petition. The parties will be referred to in this opinion as they appeared in the lower court. The plaintiff bases her right to possession of the property on a certain chattel mortgage given to her by one A. M. Smith, who was at the time the owner and in possession of said property. She attaches a copy of her mortgage to the petition. The defendants filed a general demurrer to the petition, which was overruled, and exceptions allowed. The defendants then answered by general denial and asked for damages. Plaintiff's reply was a general denial. Defendants asked for judgment on the pleadings, which request was denied; objected to the introduction of any evidence, which objection was overruled; and at the conclusion of the evidence of plaintiff, demurred to it, which demurrer was also overruled. At the close of defendants' evidence, the court instructed the jury to return a verdict for the plaintiff for possession of the property, or its value, which was done, over the objections of defendants. Judgment was rendered on this verdict, from which the defendants appeal.

The defendants insist that the court should have sustained the demurrer to the petition, the motion for judgment on the pleadings, and the objection to the introduction of any evidence, because, first, the petition did not specifically urge a breach of any condition in the mortgage; and, second, that the mortgage was not properly executed, witnessed, or filed, and was therefore no notice to third persons of plaintiff's rights in the property.

1. But neither of these contentions seems to be well founded. A copy of the mortgage was attached to the

petition, which gave an abstract of the notes, and showed when they were due. And it appears from this abstract that some were past due. And there was no presumption that these had been paid. Besides, the mortgage stipulated that, if the mortgagor should attempt to dispose of the property, the mortgagee should at once be entitled to possession of the same. And this action is not to recover possession from the mortgagor, but from third persons, who claim to have purchased the property, and who, as shown by the pleadings, refused to deliver the property to the plaintiff when she demanded of them its possession.

While it would have been better pleading to have alleged the breach in specific terms, yet, because of that omission, the petition was not fatally defective. In *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865, the court, in passing upon this identical question, says:

"It is insisted that the petition herein is fatally defective, in that it did not allege condition broken, and that the notes for which the mortgages were given as security were due.   *   *   *

"Under our civil procedure adopted from the State of Kansas, with the construction placed thereon, the chattel mortgages were a part of the petition, the same as if set out in full when tested by general demurrer. *Grimes v. Cullison,* 3 Okla. 268 [41 Pac. 355] ; *Ward v. Clay* [82 Cal. 502], 23 Pac. 50, 227; *Budd v. Kramer,* 14 Kan. 101; *State v. School District No. 3,* 34 Kan. 237, 8 Pac. 208.

"The plaintiff alleged ownership by virtue of two chattel mortgages which were attached to, and made a part of her petition. The mortgages contained copies of the notes showing they were past due at the time the suit was instituted, and no presumption exists that they had been paid.   *   *   *

"Plaintiff in error was not the mortgagor, and his possession was wrongful at all times as to the mortgagee under the terms of the mortgage. Although we think it tne better practice, it was unecessary to allege specifically in the petition the nonpayments of the notes and a breach of any of the conditions of the mortgages, inasmuch as they were made a part of the petition, and it fully appeared from the mortgages themselves that at least one of the conditions had been broken by the mortgagor making default in the payment of the notes. *Wilkins v. Moore*, 20 Kan. 538; *Chaffee v. Browne*, 109 Cal. 211, 41 Pac. 1028; *Baldwin v. Boyce* [152 Ind. 46] 51 N. E. 334; *Johnson v. Anderson*, 60 Kan. 578, 57 Pac. 513."

In the case at bar it appears that two of the conditions in the mortgage had been broken, namely, that part of the money was past due, and that the mortgagor had disposed of the property.

2. The second contention, that the demurrer to the petition should have been sustained, because the mortgage was not executed, witnessed, or filed as required by law, and was therefore no notice to third persons of the plaintiff's rights, is also the basis of the demurrer to the evidence, and we will consider it with both propositions in view.

The statute governing the filing of chattel mortgages is section 4031, Rev. Laws 1910, and is as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."

This requires the mortgagee to file the mortgage by depositing the same in the office of the register of deeds of the county where the property mortgaged is situated. The mortgage under consideration carries the following indorsement:

"STATE OF OKLAHOMA, ATOKA COUNTY, AT ATOKA, OKLAHOMA.

"I hereby certify that this instrument was filed for record in my office on Nov. 29, 1911, at 10:30 o'clock a. m., and is duly recorded in Record 5, page 290.

> "W. A. MCBRIDE, *Register of Deeds.*
> "By ARLIE BRAIN, *Deputy.*"

The evidence, however, shows that the instrument was not indexed as a chattel mortgage, as the law requires, but was recorded by the register of deeds in a miscellaneous record kept in his office. The question is whether or not that fact affects the right of the mortgagee to recover the property from a third person, claiming to have no knowledge of the existence of her mortgage.

The statute requires the mortgage to—

"be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged or any part thereof is at such time situated."

And under this statute the mortgagee has performed his part when he has filed the instrument by depositing it in the office of the register of deeds. He has no supervision or control over the register of deeds, or his acts, and if the register of deeds, through negligence or mistake, fails to properly record or index the instrument, the mortgagee cannot be made to suffer by reason of his laches. Any other rule would make the mortgagee's rights

dependent upon the diligence of another person, over whom he has no control, and would always leave him in doubt as to whether his rights would be protected. When the instrument is filed, it then becomes the duty of the register of deeds to properly record and index it. And in passing upon this question in *Covington et al. v. Fisher*, 22 Okla. 211, 97 Pac. 617, Mr. Chief Justice Kane, speaking for the court, says:

"If it is the duty of the register of deeds to do all this, it cannot reasonably be said that the mortgagee is required to exercise over the public officer any supervisory control. That his duty ceases as soon as he deposits a *properly prepared instrument with the register of deeds* seems to be settled by a long line of well-considered cases. It is a universal rule that omissions by a public officer in the mode of complying with forms prescribed to him as his duty are not permitted to affect the party. *Castillero v. U. S.*, 2 Black, 17-97, 17 L. Ed. 360. To the same effect is *C. M. Keys & Co. et al. v. First National Bank of Claremore et al., ante*, [22 Okla.] 174 [104 Pac. 346, 18 Ann. Cas. 152] where other authorities on this point are collated."

3. The next contention of the defendants is that the mortgage was not properly executed, or witnessed, and was therefore not eligible for filing.

The statute governing the attestation of chattel mortgages is section 4036, Rev. Laws 1910, which provides that:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two wit-

nesses of acknowledged before an officer, as herein provided, shall be duly admitted of record."

And this mortgage carries the following acknowlment:

"STATE OF OKLAHOMA, COUNTY OF ATOKA—SS:

"Before me, a notary public within and for the county of Atoka, and State of Oklahoma, personally appeared A. M. Smith, a person well known to me to be the person who executed the same for the purpose and consideration therein mentioned and set forth and I do hereby so certify"—with the signature and seal of the notary properly attached.

But counsel says that this acknowledgment is fatally defective because it does not comply with the form prescribed by the statute in section 1179, Rev. Laws 1910. But that section provides that:

"An acknowledgment by individuals of any instrument affecting real estate must be substantially in the following form, to wit:

State of Oklahoma, ................... County—ss: Before me, ..................., in and for said county and state, on this ...........day of ............... personally appeared ............... and ................. to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that ................... executed the same as ........... free and voluntary act."

And it will be observed that this form is specifically prescribed for acknowledgments affecting real estate, but a different rule obtains in attesting chattel mortgages, and the same solemnity is by no means required. The signature of the mortgagor of a chattel may be "validated by the signature of two persons not interested therein." That, of course, would be wholly insufficient, if we had to test the acknowledgment of a chattel mortgage by the

form prescribed for the acknowledgment of instruments affecting real estate. Besides, persons signing as witnesses to a chattel mortgage do not certify that its execution was acknowledged by the mortgagor to be his "free and voluntary act.". Nor is this required when the acknowledgment of a chattel mortgage is made before a notary. No form is prescribed by the statute for the acknowledgment of a chattel mortgage, and the only requirement of the statute is the identification and attestation of the signature of the mortgagor, and any acknowledgment which does this complies with the requirements of the law.

4. But counsel for defendants contend that the acknowledgment to this mortgage is also fatally defective, in that it does not refer to any instrument, and that from reading it they say you would never know to what the words "the same" refer. But we must differ with counsel. If the notary had put in his certificate the words "this instrument" or "the foregoing instrument," instead of the phrase "the same," his certificate would have been· perfect, and would have identified the paper acknowledged, But it is evident from what he did write he intended to certify that A. M. Smith was known to him, and acknowledged the execution of some instrument, and was described therein. The notary's certificate appeared on the same paper with the chattel mortgage, and follows A. M. Smith's signature, and bears the same date of the mortgage. And the words "the same" must be given some meaning, if any just construction can furnish it. And they could have no significance, except one; and that is that they refer to a known antecedent, and that must be the instrument of which they are a part, and not some other indefinite one.

In *Claflin v. Smith et al.*, 35 Hun (N. Y.) 372, in a well-considered opinion, the court in passing upon this identical question, where the phrase "the same" was used in the certificate, just as in the case at bar, said:

"The words 'who executed the same' can have no significance except one, which is made explicit and clear by reference to the assignment preceding the certificate, as is the manifest intent of the language used. The contrary construction seems to rest altogether upon the idea that * * * the words 'the same' * * * can have no significance, and therefore can have reference to nothing that is not itself also stated in the body of the certificate. But that is not the practical good sense which ought to be applied to the construction of official documents. Those words are to have some significance, if possible to give them one, in construing the certificate. But what difficulty is there in holding that they do refer to and mean the assignment just executed by the parties thereto, who then appeared before the officer for the purpose of acknowledging its execution? If this certificate were read, as it appears on and immediately following the instrument, by 10,000 plain practical business men, it is altogether probable that not one in all that number would hesitate to say that it referred to the instrument and acknowledged its execution. An astute lawyer, studying the certificate with a view to attack the validity of the instrument, might discover an omission of some thing that if inserted would have made the certificate plainer and clearer than it now appears. But his ability to make such a discovery is not the test which courts seeking to administer justice only, and which are bound to uphold rather than destroy official acts, ought to apply to such a certificate.

"In our opinion, therefore, the words 'the same,' as used in this certificate, are not meaningless, but have a legitimate sense, and are to be read as though the words were 'this instrument.' * * * The law will do this because it preserves and effectuates a manifest intent of

the parties to the assignment, and because also it pre-
serves a manifest intention of the public officer who made
the certificate, and prevents a mere *lapsus* on his part
from proving fatal to an otherwise complete and entirely
valid instrument of the parties who made the acknowl-
edgment." *Smith v. Boyd,* 101 N. Y. 472, 5 N. E. 319;
*Kelly v. Calhoun,* 95 U. S. 713, 24 L. Ed. 544; *Warner v.
Jaffray,* 96 N. Y. 253, 48 Am. Rep. 616; *Davar v. Card-
well,* 27 Ind. 478; *Morse v. Clayton,* 21 Miss. (13 Smedes
& M.) 373; *Wells v. Atkinson,* 24 Minn. 161; *Scharfen-
burg v. Bishop,* 35 Iowa, 60; *Samuels v. Shelton,* 48 Mo.
444; *Rigler v. Cloud,* 14 Pa. 364.

We think the objections of the defendants were not
well taken. The plaintiff's mortgage, which was in evi-
dence, shows upon its face that it had been properly at-
tested and filed. And the defendants' evidence showing
they claimed under a bill of sale from the mortgagor,
subsequent to the date the plaintiff filed her mortgage,
the law fixed the rights of the parties; and there was no
question of fact for the jury to pass upon; and the court
properly directed a verdict for the plaintiff.

5. The defendants lastly complain that:

"The court erred in refusing to permit the stenog-
rapher to take certain remarks by the court in the pres-
ence of the jury, although requested to do so by the
attorney for defendants."

They attach affidavits of W. H. Parker and Paul
Pinson in support of this assignment.

Counsel relies upon section 1786, Rev. Laws 1910, in
urging this assignment. But the substance of that stat-
ute is: All statements of counsel, the witnesses or the
court, made during the trial of any cause with reference
to any cause pending for trial, when made by a party or
attorney interested therein, "and all other matters that

might properly be a part of a case-made for appeal or proceedings in error," shall be taken down and transcribed by the stenographer if requested, and a refusal of the court to permit this to be done shall be reversible error.

But under that statute the statements which counsel had a right to have taken down are restricted to remarks concerning the cause appealed, and which "might properly be made a part of a case-made for appeal or proceedings in error." And there is not the slightest intimation, in either of the affidavits filed by the defendants, that the remarks of the court referred to in them had the remotest reference to or connection with this cause of action, or could have in any way been "properly" made a part of the case-made.

Parker, in his affidavit, says, "The court made some statements, the nature of which he does not remember," and that the attorney for defendants then asked to have it put in the record.

Pinson, in his affidavit, says that he was at the trial of the case "when the judge of said court made certain statements." But neither intimate what the statements were, or that they were concerning the case or connected with it, or grew out of the trial of the same. We take it that this statute was enacted to protect litigants, and not to entrap courts who legitimately refuse to allow a remark, concerning some matter foreign to the case being tried, to go into the record. If the remarks complained of by defendants were concerning this case, or connected with it, or could have properly been made a part of the case-made, then it behooved counsel to make a showing in the record to that effect.

Finding no prejudicial error, we recommend that the judgment be affirmed.

By the Court: It is so ordered.