### STOCKYARDS LOAN CO. v. MILLER et al.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1923.)

No. 5986.

1. **Chattel mortgages ⬤⟹90—Holder not prejudiced by failure of clerk to record.**
    Under the law of Oklahoma, the holder of a chattel mortgage, who deposits it, or an authenticated copy, in the office of the county clerk for record, as required by statute, may not be prejudiced by failure of the clerk to file it.

2. **Chattel mortgages ⬤⟹93—Evidence admissible to show that failure of clerk to file mortgage was by direction of holder.**
    Where a county clerk did not file the original chattel mortgage, but instead filed as unauthenticated copy and returned the original to the mortgagee, it may be shown by his testimony that such action was by instruction from the mortgagee, and the latter is bound by the record as made.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Evidence ☞183(14)—Secondary evidence of contents of letter held admissible.**

Testimony of recipient of letter to its contents *held* admissible, where he testified that he had searched the files, where he placed it, which were no longer under his control, and was unable to find it.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action at law by the Stockyards Loan Company against William B. Miller and William M. Briscoe. From the judgment, plaintiff brings error. Affirmed.

Robert F. Blair, of Tulsa, Okl., for plaintiff in error.

William B. Moore, of Muskogee, Okl. (W. W. Noffsinger, of Muskogee, Okl., on the brief), for defendants in error.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON. District Judge.

JOHNSON, District Judge. This is an action in replevin to recover possession of certain cattle by virtue of a chattel mortgage held by plaintiff, executed by one Nichols. This is the third time the case has been in this court. Upon the last trial of the case—the one now under review—the jury returned a verdict for plaintiff as to 40 head of the cattle, and for defendants as to 61 head, and found the value of the latter to be $2,440. Judgment was entered accordingly, and plaintiff has brought the case to this court by writ of error.

In its assignment of errors, plaintiff complains: (1) That the court erred in refusing to direct the jury to return a verdict in its favor. (2) That the admission over its objection and exception of certain testimony (stated later in this opinion) of the county clerk was erroneous (3) That the court erred in giving an instruction to the effect that the jury might find in favor of plaintiff for part of the cattle and in favor of defendant for part of the cattle.

The opinion of this court reviewing the first trial of the case in the court below is reported in 243 Fed. 511, 156 C. C. A. 209, 1 A. L. R. 547. This opinion establishes the law of the case in respect to the questions therein decided. The court, after stating the facts (to which we refer the reader desiring to understand the issues involved), construed the chattel mortgage of the plaintiff, and held that it covered after-acquired cattle. The court also construed the Oklahoma recording statute applicable to chattel mortgages, holding that a purchaser in good faith, for value, having knowledge of an unrecorded chattel mortgage, or knowledge of facts which would put a reasonably prudent person upon inquiry, and which, upon inquiry, would lead to the discovery of the mortgage, would take the mortgaged property subject to the lien of the mortgage.

Three questions in the case were left open by this decision. These were: (1) Was the original mortgage or an authenticated copy thereof filed, by plaintiff in fact depositing the same in the office of the register of deeds, as provided by the statute? Or (2) under the evi-

dence, must the mortgage be treated in law as of record in the office of the register of deeds? (3) If neither, did defendants have actual notice of the mortgage by having knowledge of facts which should have put them, as reasonably prudent men, upon inquiry?

The case was again brought to this court by a writ of error for a second review. The opinion is found in 260 Fed. 393, 171 C. C. A. 259. It was there held that the unauthenticated copy of the mortgage, which was in fact filed in the office of the county clerk, ex officio register of deeds, was insufficient under the statutes of Oklahoma to give constructive notice to the defendants of the mortgage. This holding is now a part of the law of the case. In the opinion Judge Sanborn, speaking for the court, said:

"The pertinent issue is whether or not Miller received notice of the plaintiff's loan to Nichols upon the cattle before he and his partner bought them on February 8, 1915,"

The case had been submitted to the jury by the trial court upon this issue. The judgment was reversed not because of the insufficiency of the evidence, but because of the admission of certain checks of the defendant Miller for the purpose of corroborating his oral testimony. At the last trial the testimony was again conflicting, and there was no error in submitting the case to the jury, unless by reason of some of the matters to be now considered the court should have directed a verdict for plaintiff as requested by it.

[1] It is claimed that the evidence shows that the original chattel mortgage was deposited by plaintiff in the office of the county clerk, and that therefore plaintiff should not be, and as a matter of law could not be, prejudiced by failure of the clerk to file the same as required by the statute. If the plaintiff in fact complied with the statute by depositing the mortgage with the county clerk, the claim that it should not be prejudiced by the failure of the clerk to perform his duty respecting the mortgage may not be questioned. Covington v. Fisher, 22 Okl. 211, 97 Pac. 615; Dabney v. Hathaway, 51 Okl. 663, 152 Pac. 77.

[2] Whether plaintiff deposited the mortgage with the county clerk was one of the issues in the case. Defendants called the county clerk as a witness, who testified that, in a letter accompanying the original mortgage and copy, plaintiff instructed him to file the copy, and, after indorsing upon the original that he had done so, to return the original to plaintiff at Kansas City. He testified that he obeyed instructions. Counsel for plaintiff objected to the admission of this testimony, "because it is incompetent, irrelevant, and immaterial, and whatever instructions might have been given could not affect the legality—the legal duties of this officer." This contention is without merit. If, as claimed by counsel for plaintiff, it was the duty of the county clerk to know and comply with the law, it is also true that it was the duty of plaintiff to know and comply with the law. It was competent for the defendants to show that plaintiff instructed the county clerk to file the copy and return the original, and plaintiff cannot now assert rights against the defendants which were lost through its own fault.

The trial court instructed the jury, in effect, if they found that the

original mortgage was sent to the county clerk with instructions to file it, then it should be deemed filed, and the jury should find a verdict for the plaintiff; but if they found that the county clerk was instructed to file the copy and return the original, then they should find for the defendants, unless they had actual notice of the existence of the mortgage, or knowledge of such facts as would put them, as reasonable men, upon inquiry. There was no error in submitting these issues to the jury.

[3] Objection was also made that the testimony of the county clerk with respect to the instructions received by him from the plaintiff was not the best evidence—the letter not having been produced. The witness stated that he was no longer county clerk, but had made search for the letter in the place where he left it; that letters of this character were hung on a hook in the office, and kept for a number of months, and then thrown away; that when he went back to look for this letter it was not on the hook, and could not be found. He was then permitted to state the contents of the letter. In this there was no error. Nor was the plaintiff prejudiced by the answer of the witness that "the original (mortgage) was never presented for record." Though a conclusion, this was in effect a mere repetition of the statement which he had previously made that he was instructed by the plaintiff to return the original mortgage.

It is also alleged as error that the court instructed the jury they might find in favor of the plaintiff for part of the cattle, and in favor of the defendants for part of the cattle. We have carefully read the evidence, and are convinced that the court was justified in giving the instruction; indeed, it is probable the instruction actually inured to the benefit of the plaintiff.

We find no error in the record, and the judgment will be, and accordingly is, affirmed.