## FIRST NAT. BANK OF BUFFALO v. DEVORE.

No. 11347—Opinion Filed Nov. 25, 1924.

Rehearing Denied March 31, 1925.

**1. Chattel Mortgages—Construction—When Law Question.**

The construction of a chattel mortgage is, when determined by facts appearing on its face, a question of law.

**2. Same—"Attested by Acknowledgment"— Sufficiency.**

The acknowledgment of a chattel mortgage is sufficient under section 7655, Comp. Stat. 1921, when the certificate of the officer shows the identification and attestation of the signature of the mortgagor.

**3. Same—Identification of Signature.**

Where the certificate of acknowledgment of a chattel mortgage is in form an affidavit, the signature of the mortgagor is sufficiently identified, if, therefrom, it reasonably appears that the mortgagor admitted or declared that the signature appended to the mortgage was his own.

**4. Same—Attestation.**

In such case, attestation is the solemn or official declaration of the essential fact of the identity of the signature of the mortgagor, where the certificate, whatever its form, reasonably discloses such essential fact, such mortgage is sufficiently attested.

(Syllabus by Estes, C.).

Commissioners' Opinion, Division No. 2.

Error from District Court, Woodward County; James B. Cullison, Judge.

First National Bank of Buffalo sued C. C. Devore in conversion. Judgment for defendant. Plaintiff appeals. Reversed in part, with directions.

J. L. Griffitts, for plaintiff in error.

Swindall & Wybrant, for defendant in error.

Opinion by ESTES, C., Parties appear here in the same order as in the trial court. F. N. Gann and wife executed a chattel mortgage on three certain cows to defendant, and same was duly filed. Thereafter, same parties executed a chattel mortgage on 24 cattle, being all the cattle they owned, to the plaintiff, and same was duly filed. Thereafter, the mortgagors delivered to defendant the cattle covered by his mortgage in settlement of their indebtedness to him and undertook to sell to defendant the remaining 16 of their cattle. Plaintiff sued defendant alleging conversion of 16 cattle covered by its mortgage. Judgment on verdict of jury was for defendant, from which plaintiff has appealed.

1. The court gave the jury the following instruction:

"* * * And in this connection, the court instructs you that if you find from a preponderance of the evidence in this case that the plaintiff does hold a prior valid, existing chattel mortgage upon said 16 head of cattle, or any part or number thereof, purchased by the defendant of the mortgagor, that then and under these circumstances the possession of said cattle or any number of the same by the defendant, would be wrongful and against the right and interest of the plaintiff, and that the defendant would be liable to the plaintiff in damages for the ten head of stock, or any part thereof." etc.

Plaintiff saved exceptions thereto. Said instruction submitted the validity of plaintiff's mortgage to the jury. It was not claimed that same was invalid otherwise than as to its execution. Such validity was a question of law for the court, since the facts appeared on the face of the mortgage. 11 C. J. 508.

2. Defendant objected to the introduction of plaintiff's mortgage on the ground that

same was not acknowledged in the manner authorized by law. Over such objection the court admitted the mortgage in evidence, the plaintiff contending that defendant had actual notice thereof. Section 7655, Comp. Stat. 1921, is:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signatures of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer as herein provided shall be duly admitted of record."

If the filing of the mortgage by the plaintiff bank gave constructive notice to defendant, it was because the signatures of the mortgagors were "attested by acknowledgment" before said notary. That a substantial compliance with the statute is sufficient and that the certificate may be considered in connection with the instrument, are principles so well settled as not to require citation of authority. In Dabney et al. v. Hathaway, 51 Okla. 658, 152 Pac. 77, it is said:

"Besides, persons signing as witnesses to a chattel mortgage do not certify that its execution was acknowledged by the mortgagor to be his 'free and voluntary act.' Nor is this required when the acknowledgment of a chattel mortgage is made before a notary. No form is prescribed by the statute for the acknowledgment of a chattel mortgage, and the only requirement of the statute is the identification and attestation of the signature of the mortgagee, and any acknowledgment which does this, complies with the requirements of the law."

Were the signatures identified and attested?

3. The body of the instrument was in the usual form, reciting that it was a mortgage. Appended were the names, F. N. Gann and Mabel Gann. Thereafter was the following:

"State of Oklahoma, Harper County, ss:

"F. N. and Mabel Gann, being first duly sworn, say that they are the lawful owners of the property described and included in the within instrument of writing; and that he has full power to sell and mortgage the same and give clear title thereto, and that there are no chattel mortgages or liens upon said property; that each and every representation made in said mortgage is true, and has been made for the purpose of securing a loan of money; said loan being based upon the values herein represented. F. N. Gann.

"Subscribed in my presence and sworn to before me this 20th day of Aug. 1918. W. C. Bandy, Notary Public. My commission expires Feb. 26. 1922."

We deem it unimportant that the affidavit was signed by F. N. Gann, only. If neither had signed this affidavit, the effect would not be changed, since it is the signatures to the mortgage that must be identified and attested. By the recitation that they "were first duly sworn and that they said that they were the lawful owners of the property described and acknowledged in the within instrument of writing," etc., and "that each and every representation made in said mortgage is true," it reasonably appears that the signatures appended to the mortgage were those of F. N. Gann and Mabel Gann, that is, their signatures were identified. The "within instrument of writing" bore their purported signatures properly appended. Their reference to "said mortgage," admitted or declared or acknowledged to the notary that the instrument was a mortgage. Since same could not be a mortgage without being signed, the reasonable inference and conclusion is that the signatures were their own. Otherwise they could not by the sanctity of an oath impute verity to the whole instrument. The document from the scilicet to the signature, F. N. Gann, purports to be what F. N. and Mabel Gann said, that is, admitted or declared, they "being first duly sworn." By saying these things to the notary, they "acknowledged before an officer," the mortgage. (See last sentence of said statute.) This is true because under the Dabney Case. they identified their signatures, as aforesaid.

4. It remains then to be seen whether the said signatures were attested. "Attestation" is the act of witnessing the signature of an instrument and subscribing the name of the witness in testimony of such fact; the act of witnessing the actual execution of a paper and subscribing one's name as a witness to the fact. It is an act of authentication of an instrument, a solemn or official declaration in support of the fact. It is the act of the officer—not the act of the maker of the instrument. 6 C. J. 553. This involves the act of the notary as disclosed by his certificate. This attestation recites "subscribed in my presence and sworn to before me," etc. If this language means that F. N. Gann and Mabel Gann subscribed and swore to the mortgage in his presence, it would, of itself, identify the signatures and also be an attestation thereof for it would be a solemn or official declaration of that fact. The essential element was the admission, or declaration, or acknowledgment of F. N. Gann and Mabel Gann to the notary that the sig-

natures to the mortgage were theirs. It was not essential that such declarations be in writing or signed and sworn to by either of them. If they made the declarations to the notary it was competent and proper for the notary so to attest. The property affidavit recites that both of them were sworn and made the essential declarations. If only F. N. Gann subscribed the affidavit in the presence of the notary, the certificate, taken as a whole, shows that both of them swore to the essential fact when it was only necessary to admit or declare the same. The scilicet must be construed in connection with the jurat. The whole thereof purports to be the formal certification by the notary of the declarations of the mortgagors. By statute in many states, a mortgage must be verified as to its good faith, the consideration, etc.,—in manner similar to the instant one— by a sufficient affidavit to make it valid. 11 C. J. 481. Courts will not look to the jurat with the same strictness as in court proceedings. Little formality is required. Id. 487. Where the affidavit contains the facts required by the statute, the form in which they are stated is immaterial. Id. 484. The attestation of the signatures was sufficient.

We conclude that the said instruction was erroneous, and that the court should have instructed the jury as a matter of law that the mortgage of plaintiff was valid. It follows that defendant was bound by the constructive notice thereof. Since defendant undertook to purchase the cattle, or some of them covered by plaintiff's mortgage he was liable in conversion for the value of those he did purchase from Gann, not covered by his own mortgage. Very probably. under said instruction. the jury acquiesced in the contention of defendant, that such mortgage was invalid because of the said acknowledgment and thereby returned the verdict for defendant. There was no contention that defendant's mortgage on three cows was invalid or was not prior to plaintiff's mortgage. The judgment for defendant to that extent was correct. It is recommended that the judgment be reversed accordingly with direction for further proceedings in accordance herewith.

By the Court: It is so ordered.