## BANK OF COMMERCE OF RALSTON v. GASKILL.

No. 3495.     Opinion Filed December 8, 1914.

Rehearing Denied, January 30, 1915.

(145 Pac. 1131.)

1. **TRIAL—Direction of Verdict—Evidence.** The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith.

2. **CHATTEL MORTGAGES—Conversion—Liability of Purchaser.** When the mortgagor of personal property, being in posses-

sion before default and having the right of possession under the terms of the mortgage, sells the entire property to another, who has notice of the mortgage, either actual or constructive, the purchaser acquires only the interest of the mortgagor, and holds subject to the mortgage; and in such case, after default, the mortgagee may maintain an action against such purchaser for the wrongful conversion of the property mortgaged, purchased by him.

3.   **SAME—Removal of Property—Right to Possession—Liability of Purchaser.**  Where mortgaged property has been removed from the county in which it was situated at the time of the execution of the mortgage, under section 4430, Comp. Laws 1909 (section 4039, Rev. Laws 1910), the mortgagee, independent of any provision of the mortgage, is entitled to the possession of the property mortgaged; and, being so entitled to the immediate possession, an action for conversion will lie against a subsequent purchaser who wrongfully removes it from the county.

4.   **SAME—Conversion of Property—Liability of Purchaser—Proof —Demand and Refusal.**  Demand and refusal need not be proved in an action for conversion brought by a mortgagee against the purchaser of mortgaged chattels, either where, with knowledge of the mortgagee's rights, he received the property by purchase or otherwise from one unauthorized so to dispose of it, or where he, whether a **bona fide** purchaser or not, has sold such property or otherwise converted it to his own use.

5.   **SAME—What Constitutes—Right of Action.**  An absolute sale, to the exclusion of the rights of a chattel mortgagee, by a mortgagor, who, under the terms of the mortgage, remains in possession of the chattels, works a conversion thereof, for which the mortgagee may maintain an action for conversion without previous demand.

6.   **TROVER AND CONVERSION—Demand—Necessity.**  In an action for conversion, where the taking is wrongful, it is not necessary to allege a demand before the commencement of the action.

(Syllabus by Sharp, C.)

*Error from County Court, Osage County;*

*C. T. Bennett, Judge.*

Action by the Bank of Commerce of Ralston against O. W. Gaskill.  Judgment for defendant and plaintiff brings error.  Reversed and remanded.

*Biddison & Merritt,* for plaintiff in error.

*W. T. Williams,* for defendant in error.

Opinion by SHARP, C. On December 27, 1909, one Roy Crabtree, a resident of Osage county, executed to the plaintiff in error his promissory note, due June 20, 1910, in the sum of $440, and on the same day, to secure its payment, executed to the payee thereof a chattel mortgage on five head of horses and four head of mules at the time located in Osage county. On December 29th thereafter, said mortgage was duly filed in the office of the register of deeds in and for Osage county. During either the latter part of February or the early part of March, following, said Crabtree sold one span of the mules to A. Demings, who thereafter and during the latter part of July, 1910, sold them to the defendant in error Gaskill, who, immediately following his purchase thereof, removed said mules from Osage county to Kaw City in Kay county. On July 7th, the interest on said note having been paid, the time of payment was extended to September 20, 1910. In the chattel mortgage, among other covenants, was the following:

"The conditions of this mortgage are such that the mortgagor covenants that he will not sell, mortgage or otherwise dispose of said property, or any part thereof, * * * until this mortgage is fully satisfied, and that he will not remove or permit any part of said property to be removed nor go or be out of the said Osage county while this mortgage remains a valid lien or any sum thereon."

It was further provided that until breach be made in some of the conditions thereof, or until such time as the mortgagee should deem itself insecure, said mortgagor should have possession of the mortgaged property, and the use and benefit thereof, and should keep and maintain the same at his own proper cost and expense; but upon breach of any of the conditions provided for, or if at any time the mortgagee should deem the said mortgage insecure, or if any of the above described notes be not paid when due, then and in either event the mortgagee could at its option, without notice, declare the note

and indebtedness due and payable, and might through its agents
or attorneys take possesion of all or any of the mortgaged prop-
erty for the purpose of foreclosure.

At the conclusion of the plaintiff's testimony, the court, at
the defendant's request, instructed the jury to return a verdict
in his favor. It is a rule well established in law that, where
there is any evidence introduced at the trial of a cause reason-
ably tending to establish the allegations of plaintiff's petition,
it is error for the court to sustain a demurrer to such evidence
and render judgment in favor of the defendant. *Conklin v.
Yates,* 16 Okla. 266, 83 Pac. 910; *Edmisson v. Drumm-Flato
Comm. Co.,* 13 Okla. 440, 73 Pac. 958; *Cole v. Missouri, K. &
O. R. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. (N. S.) 268;
*Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.)
1; *Porter v. Wilson et al.,* 39 Okla. 500, 135 Pac. 732. Likewise
it is error to direct a verdict against the plaintiff, when there is
evidence fairly tending to support all the necessary averments
of his petition entitling him to recover. In such case the ques-
tion presented to a trial court is whether, admitting the truth
of all the evidence which has been given in favor of the party
against whom the action is contemplated, together with such in-
ferences and conclusions as may be reasonably drawn from it,
there is enough competent evidence to reasonably sustain a verdict
should the jury find in accordance therewith. *Baker v. Nichols
& Shepard Co.,* 10 Okla. 685, 65 Pac. 100; *Hanna v. Mosher
et al.,* 22 Okla. 501, 98 Pac. 358; *Harris et al. v. Missouri, K. &
T. Ry.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858.

As we have seen by the terms of the mortgage, the mort-
gagor covenanted that he would not sell, mortgage, or otherwise
dispose of any part of the mortgaged property until after the
mortgage was fully satisfied, and that he would not remove
nor permit any part of the mortgaged property to be removed,
or to go out of Osage county while the mortgage remained a
valid lien for any sum due. Independent of this covenant of
the mortgage, if in fact an absolute sale of the mortgaged prop-

erty was made either by Crabtree or by his purchaser, Demings, in exclusion of the rights of the mortgagee bank, it constituted a conversion of such property for which the mortgagee could maintain trover. Jones on Chattel Mort. sec. 454. In such case, the rule that, before default, the mortgagor in possession may sell the mortgaged property, subject to the lien of the mortgage, does not obtain.

It is fairly inferable from the testimony that both sales were made without the knowledge of the mortgagee. The first sale was made anterior to the payment of interest and renewal of the note; the second, prior to the maturity of the note as extended. The defendant was a mule buyer, and immediately after having purchased the mules removed them from Osage county. It cannot be said, as a matter of law, keeping out of sight for the time the covenants in the mortgage against sale, that the sales were intended to pass only the title of the mortgagor. It may as well be inferred, under the admitted facts, that the sale was one made in exclusion of the rights of the mortgagee, and, if the latter, then clearly such sale constituted a conversion of the property sold. Aside, however, from the question of fact as to whether the sale was one made to the exclusion of the rights of the mortgagee, both Demings and the defendant had constructive notice of the mortgage, and were charged with knowledge of its contents. The purchase by the former was therefore made in plain and open violation of the rights of the mortgagee secured to it by the mortgage. Jones on Chattel Mort. (5th Ed.) sec. 455; *Fisher v. Friedman & Co.*, 47 Iowa, 443; *Heflin & Phillips v. Slay,* 78 Ala. 180.

Section 2781, Comp. Laws 1909, makes the sale by a mortgagor of personal property without the written consent of the holder of the mortgage a felony. A sale of a chattel, made in violation of a penal provision of the statute, has been held to constitute a conversion, and to relieve the holder of a valid mortgage thereon of the necessity of a demand. *Kitchen v.*

*Schuster,* 14 N. M. 164, 89 Pac. 261. As to the effect of this statute upon the present case, we express no opinion.

By section 4430, Comp. Laws 1909 (section 4039, Rev. Laws 1910) :

"If the mortgagor voluntarily removes or permits the removal of the mortgaged property from the county. in which it was situated at the time it was mortgaged, the mortgagee may take possession and dispose of the property as a pledge for the payment of the debt, though the debt is not due."

Thus, independent of the provisions of the mortgage, the statute gave the mortgagee a right of action upon the removal of the mortgaged property from Osage county, without regard to the fact that its note was not due. In other words, if the mortgagor or those acting through or under him voluntarily removed or permitted the removal of the mortgaged property from Osage county, automatically, by virtue of the statute, a right of action was conferred upon the mortgagee to take immediate possession and dispose of the property as a pledge for the payment of its note. Thus, while plaintiff was not in the actual possession of the mortgaged animals at the time of the conversion, it was by force of the statute entitled to such possession, hence may maintain an action for the conversion of the mortgaged property.

Trover will not lie against one lawfully in possession of chattel property; such a possession must first be transformed into a wrongful one by a refusal to surrender the property. Hence demand and refusal are necessary for the maintenance of trover in all cases in which a defendant is lawfully in possession. *Phelps et al. v. Halsell,* 11 Okla. 1, 65 Pac. 340. Demand and refusal are superfluous whenever a conversion can be otherwise shown, and evidence thereof may be omitted when any one of the following circumstances is proved: Unavailability of demand; a possession maintained in violation of one's contract; a tortious taking; a tortious levy or attachment; acts of ownership; retention of money which it was defendant's duty to pay to plaintiff; diversion of property from the special purpose

for which it was received; an unfulfilled promise to return goods; or any distinct act of conversion in general. 38 Cyc. 2032, 2033. While the testimony is meager and unsatisfactory as to the dominion or control exercised over the mortgaged property by Demings, it is fairly inferable that during said time he had in his possession the mortgaged animals, as during the latter part of August they were sold and delivered to the defendant Gaskill, and by him removed from Osage county. There was sufficient evidence, therefore, from which the jury might rightfully have found a conversion, and, if a conversion. no demand was necessary. The sole object of a demand is to turn an otherwise lawful possession into an unlawful one, by reason of a refusal to comply with it and thus to supply evidence of a conversion. *Pease v. Smith,* 61 N. Y. 477; *Salida Bldg. & Loan Ass'n v. Davis,* 16 Colo. App. 294, 64 Pac. 046; *Ilfeld v. Zeigler,* 40 Colo. 401, 91 Pac. 225; *Reynolds v. Fitzpatrick,* 23 Mont. 52, 57 Pac. 452, *Edmunds v. Hill,* 133 Mass. 445; *Allsopp v. Mach. Works,* 5 Cal. App. 228, 90 Pac. 39.

The action against defendant was not commenced until after maturity of the note as extended. If the defendant had exercised control and dominion over the mortgaged property, which was antagonistic to the claim of right or title of the mortgagee, his possession was tortious, and no demand was necessary. *Purcell Cotton Seed Oil Mills v. Bell et al.,* 7 Ind. T. 717, 104 S. W. 945; *Clinton Nat. Bank v. McKennon,* 26 Okla. 835, 110 Pac. 649; *Continental Gin Co. v. De Bord,* 34 Okla. 66, 123 Pac. 159; *Bilby v. Jones,* 39 Okla. 613, 136 Pac. 414. On the other hand, if the sale was made in violation of the stipulations of the mortgage, or if there was no subsequent ratification thereof, the possession of both Demings and the defendant Gaskill was wrongful, and no demand upon the latter before the institution of suit was necessary. Demand and refusal need not be proved in trover against a third person either where, with knowledge of one's rights, he received property by purchase or otherwise from one unauthorized so to dispose of it, or where he,

whether a *bona fide* purchaser or not, has sold such property or otherwise converted it to his own use.

Having reached the foregoing conclusions, a determination of the remaining questions urged in the briefs of counsel is unnecessary.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.