## BRIDGES v. UNION CATTLE LOAN CO.

No. 13700—Opinion Filed April 15, 1924.

Rehearing Denied, Oct. 14. 1924.

1. **Chattel Mortgages — Acknowledgment—Sufficiency.**

No form is prescribed by statute (section 7655, Comp. Stat. 1921) for the acknowledgment of chattel mortgage, and the only requirement of the statute is the identification and attestation of the signature of the mortgagor, and any acknowledgment which does this complies with the requirements of the law.

2. **Same—Proper Filing Where Property Is in Two Counties.**

Where mortgaged cattle are in two counties and where duplicate original mortgages are filed in both counties, each mortgage so filed being original, the filing thereof is valid.

3. **Same—Removal of Property—Action for Conversion Against Purchaser.**

Where mortgaged property has been removed from the county in which it was situated at the time of the execution of the mortgage, under section 7659, Comp. Stat. 1921, the mortgagee, independent of any provision of the mortgage, is entitled to the possession of the property mortgaged; and, being so entitled to the immediate possession, an action for conversion will lie against a subsequent purchaser who wrongfully removes it from the county.

4. **Customs and Usages—Consistency of Evidence with Contract.**

In all cases where evidence of usage is received, the rule must be taken with this qualification: That the evidence be not repugnant to or inconsistent with the contract.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Union Cattle Loan Company against H. E. Bridges. From judgment for plaintiff, defendant brings error. Affirmed.

V. H. Biddison and Biddison & Ladner, for plaintiff in error.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, Union Cattle Loan Company, as plaintiff, brought this suit in the nature of an action in conversion in the district court of Tulsa county against the plaintiff in error, H. E. Bridges, as defendant.

The parties will be referred to as they appeared in the trial court.

The plaintiff alleged that it was the owner and holder of a certain note and chattel mortgage executed and delivered by one F. M. Katon, covering certain cattle, a portion of the same being located in Tulsa county and a portion in Creek county, Okla.; that said mortgage covered only an undivided one-half interest in a certain herd of 280 steers composing that portion of the cattle located in Creek county; that by virtue of said note and mortgage the said plaintiff acquired a certain property right and special ownership in said cattle; that the mortgage was duly filed in both counties on the 25th day of April, 1917, a copy of said mortgage being attached to the petition; that in defeasance of the right of the plaintiff and mortgagee, the defendant, Bridges, purchased the undivided one-half interest in said steers covered by the said mortgage, and that he retained possession and asserted ownership and dominion over the said one-half undivided interest to the exclusion of the rights of the plaintiff; that at the time of said purchase the plaintiff, by virtue of the breach of the terms of the mortgage against sale, was entitled to the possession of the interest covered by its lien and mortgage; that the defendant had actual and constructive knowledge of plaintiff's right and claim, but that in derogation of this right he continued to hold possession of and assert ownership of the property covered by plaintiff's mortgage, and that at some time shortly after the purchase as stated he disposed of all of said mortgaged steers and the same were removed from Creek county; that there was an unpaid balance upon said note and mortgage in the sum of $1,894.12, said amount including interest and attorneys' fees.

The defendant, in his answer, after pleading a general denial, alleged that the defendant was the owner at the time the mortgage was given and prior to the purchase of the interest claimed by the plaintiff of an undivided one-half interest in the cattle and that defendant was thereby constituted a cotenant; that the said steers were located in Tulsa county when so purchased; that he had no actual knowledge of the claim of the plaintiff and that the filing of the

chattel mortgage was defective, defeating the liability for constructive notice thereof; that the mortgagor "was authorized by the plaintiff to sell said cattle," and further alleged that the claim of the plaintiff had been paid.

In an amendment to the answer defendant alleged that the authority of F. M. Katon to sell said cattle was verbal and that said cattle were located in the county of Tulsa at the time they were purchased by defendant, which was about the 4th or 5th day of June, 1917.

The plaintiff filed a reply in the nature of a general denial of the affirmative allegations contained in defendant's answer.

Upon these issues the parties proceeded to trial at which time the defendant interposed an objection to the introduction of evidence which was overruled, and exceptions saved, whereupon the plaintiff introduced its evidence and rested.

Defendant thereupon interposed a demurrer to the evidence which was overruled and exceptions saved. Defendant introduced his testimony and rested, at which time the plaintiff presented a motion to direct a verdict for the plaintiff, which motion was sustained and judgment entered for the plaintiff in the sum of $1,580.65.

Motion for new trial was overruled, and exceptions saved, and the cause comes regularly on appeal to this court.

For reversal of the judgment a number of specifications of error are relied upon by the defendant and discussed in his brief in the following order: First, that the court erred in overruling the demurrer to the petition of the plaintiff; and, second, in overruling the objection to the introduction of evidence by the plaintiff.

Under these assignments of error the defendant raises the question of the validity of the mortgage as pleaded. It is contended that the acknowledgment of the mortgagor, Katon, made to the chattel mortgage referred to in plaintiff's petition was defective in form and insufficient, and that the location and position on the instrument itself was such that it could not qualify as a proper acknowledgment.

The record shows the form of the acknowledgment used on the chattel mortgage involved, which is as follows:

"State of Oklahoma.

"County of Tulsa, ss.

"Before me, a notary public in and for said county and state, on this day personally appeared F. M. Katon, known to me to be the person described in and whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free act and deed for the purposes and consideration therein expressed. Given under my hand and seal of office this 23rd day of April, 1917. Hazel I. Shanks, Notary Public. (Seal)

"My commission expires September 19, 1920."

It is contended that this acknowledgment is in substance defective in this; that the certificate does not show that it was the identical person as the statute requires, and that it does not show that the acknowledgment is of the within instrument.

In support of this proposition defendants cite a number of cases, with reference to the sufficiency of the acknowledgment itself as regards form. These cases, however, deal with defective acknowledgments to conveyances of real estate.

In the case of Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77, it is said in the opinion:

"No form is prescribed by the statute for the acknowledgment of a chattel mortgage and the only requirement of the statute is the identification and attestation of the signature of the mortgagor and any acknowledgment which does this complies with the requirements of the law."

Section 7655, Comp. Stat. 1921, provides:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer as herein provided shall be duly admitted of record."

In view of the acknowledgment made by F. M. Katon to the mortgage to the plaintiff, Union Cattle Loan Company, we think the same was sufficient to meet the requirements of the statute quoted, and that the cases cited by defendant in his brief with reference to acknowledgments to real estate conveyances do not support the proposition contended for.

In the case of Herron v. Harbour, 75 Okla. 127, 182 Pac. 243, cited by defendant, it is said in the opinion:

"The correct rule is stated in Garton et ux. v. Hudson-Kimberly Publishing Co., 8 Okla. 631, 58 Pac. 946, where it is said: 'A substantial, and not a literal, compliance with the statute in the certificate of acknowledgment to a deed or mortgage of real estate is all that the law requires; and although words not in the statute are used in the place of others, or words in the

statute are omitted, yet if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient.' "

The defendant further contends that the acknowledgment to the chattel mortgage does not immediately follow the signature of the mortgagor and further that this acknowledgment does not designate the instrument to which it refers with sufficient certainty.

We are unable to agree with counsel for defendant in this contention.

"Where it clearly appears to what instrument the certificate is intended to apply it is sufficient although there be no specific reference to such instrument and it has been held that a certificate reciting that the party acknowledged the execution 'of same' instead of 'the within instrument' or other equivalent expression was not invalid on that account, where the surrounding circumstances sufficiently showed that instrument was meant." 1 Cyc. 592.

"Where several instruments are incorporated in one paper writing and the acknowledgment relates to the execution of all of them a single certificate is sufficient. While the usual practice is to have the certificate appear at the conclusion of the instrument its location is not important in the absence of statutory provision on the subject." 1 R. C. 278, sec. 56.

Defendant further contends that an "authenticated" copy of the mortgage does not appear to have been filed in either Creek or Tulsa county. As before stated, at the time of the execution of the chattel mortgage referred to part of these cattle were located in Creek county and part of them in Tulsa county and an examination of the pleadings of the plaintiff and of the testimony discloses the fact that duplicate originals of each, properly signed and acknowledged by the mortgagor, were filed on the same day in the respective counties.

We think the fact that duplicate originals were filed in both counties is a sufficient compliance with the statute with reference to the filing of an "authenticated" copy.

It is further contended that the demurrer to the petition and objection to the introduction of evidence should have been sustained because the action is one in conversion and cannot be maintained unless the mortgagee alleges and shows by its pleadings that it is entitled to possession and for the further reason that the defendant was a cotenant against whom an action for conversion could not be had.

This contention cannot be sustained. We think the allegations of the petition sufficient to state a conversion upon the part of the defendant. Bank of Commerce v. Gaskill, 44 Okla. 728, 145 Pac. 1131; Clark v. Slick Oil Co., 88 Okla. 55, 211 Pac. 502; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164. And that the authorities cited by defendant to the effect that an action of trover or conversion cannot be maintained against one of two cotenants in possession of the property are not applicable to the facts disclosed by the record in the instant case, even if it could be said that the defendant was a cotenant of the mortgagor.

The purchase and detention of the entire property and the sale by Bridges to another party all constituted a continuing tort and conversion beginning with the sale, all of which were inconsistent with the mortgagee's right and special ownership as disclosed both by the pleadings and the evidence.

In Bank of Commerce v. Gaskill, supra. it is said in the opinion:

"Where mortgaged property has been removed from the county in which it was situated at the time of the execution of the mortgage," under section 4430, Comp. Laws 1909, section 4039. Rev. Laws 1910 (7659, Comp. Stat. 1921). "the mortgagee, independent of any provision of the mortgage, is entitled to the possession of the property mortgaged, and being so entitled to the immediate possession, an action for conversion will lie against a subsequent purchaser who wrongfully removes it from the county. Demand and refusal need not be proved in an action for conversion brought by a mortgagee against the purchaser of mortgaged chattels, either where with knowledge of the mortgagee's rights, he received the property by purchase or otherwise from one unauthorized so to dispose of it, or where he, whether a bona fide purchaser or not, has sold such property or otherwise converted it to his own use." 38 Cyc. 108, note 17, 7 R. C. L. 896, par. 93.

But aside from this the evidence fails to show that the defendant was a cotenant in the property. The defendant so alleged in his answer but the reply of the plaintiff put the defendant upon proof of this allegation. The contention that this allegation must be taken as true because the reply is an unverified general denial cannot be sustained.

There is nothing in this record that shows that the defendant was ever the agent of the mortgagee.

An examination of the pleadings and evidence shows that the property had been moved from its situs in Creek county as provided and restricted by the mortgage and as it appears that the defendant was charge-

able with constructive notice of the mortgage he therefore purchased, held, and sold the steers as a tort-feasor as against the rights of the mortgagee, the plaintiff herein. 26 R. C. L. page 1136, Bank of Commerce of Ralston v. Gaskill, supra.

Any sale, seizure, or retention of possession in defiance of a mortgagee's rights, whether by the mortgagor or any other person, is a conversion. Bolling v. Kirby. 90 Ala. 215, 24 A. S. R. 789, and notes.

The further contention is made that the answer and evidence shows laches in that the property was sold to Bridges in June and by him sold to one Rhodes in November, and that the property remained in Creek county for many months thereafter, and that if the plaintiff had any rights they should have been set up at that time demanding a partition of the property and sale.

The evidence fails to disclose that the plaintiff knew of the violation of the mortgage by the mortgagor or the conversion by the defendant at any time during the period mentioned.

It is further contended that it was error to direct a verdict for the plaintiff and that there was conflicting evidence relative to the question of payment.

The evidence shows that the two checks introduced in evidence by the defendant were indorsed by the mortgagor, Katon, and that one of these checks was transferred to the plaintiff, its indorsement appearing thereon.

The note executed by F. M. Katon April 23, 1917, covered by the chattel mortgage referred to, was a promise to pay the plaintiff $6,628.64, with interest at 8 per cent. per annum, secured by one-half interest in 280 head of steers and the entire interest in 65 cows.

The treasurer and secretary of the plaintiff testified that he had charge of the collections and placing the credits thereafter on said note and that the credits on the note were correct indorsements of the amounts paid by Mr. Katon and contained all of the amounts or credits paid by him on the note, and that the total principal and interest due amounted to $1,586.65. There is no dispute of this evidence.

It therefore clearly appears that the plaintiff received no part of the sale price of the interest in said steers covered by its mortgage at the time of the sale from the mortgagor to the defendant or from the sale by the defendant to a third party.

It is further urged that the court erred in overruling the offer of defendant to produce evidence on the question of the custom of the right to sell mortgaged property.

We perceive no error in the ruling of the court in this regard.

In Tilley v. Cook County, 103 U. S. 155, 26 L. Ed. 374, the court thus states the rule:

"Proof of usage can only be received to show the intention or understanding of the parties, in the absence of a special agreement or to explain the terms of a written contract (citing authorities). In all cases where evidence of usage is received, the rule must be taken with this qualification,— that the evidence be not repugnant to, or inconsistent with, the contract."

After a careful examination of the record we are of the opinion there was no question of fact to be passed upon by the jury, and that the court properly directed a verdict for the plaintiff.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.