## KNEELAND v. HETZEL.

No. 13765—Opinion Filed Sept. 23. 1924.

1. **Vendor and Purchaser—Contract for Merchantable Title—Breach—Homestead —Deed by One Spouse.**

Where one contracts to convey certain premises and to furnish abstract showing merchantable title; such contract is not performed by the delivery of an abstract showing that the premises, once occupied as a homestead, were conveyed by one spouse without the other joining therein while they were living separate and apart, but not divorced, and there is no showing that any other home was ever jointly acquired. One tendered such a title has a right to refuse to accept it, the right to rescind the contract, and to recover back any part of the purchase money paid.

2. **Customs and Usages—Varying Contract —Proof Not Admissible.**

Where a contract is clear, definite, and certain, extraneous evidence of a custom or usage peculiar to a limited class of persons which would import new terms and conditions into the contract is not admissible. Custom and usage can only be proven to aid the interpretation of a contract, otherwise of doubtful meaning, but never for the purpose of creating a new and different contract between the parties.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by Gertrude Hetzel against Roy Kneeland for cancellation of a certain contract, and for recovery of $600 paid thereon. Decree for plaintiff, and defendant brings error. Affirmed.

June 8, 1921, plaintiff and defendant entered into a written contract for the purchase by plaintiff from and through defendant of certain described residence property in the city of Guthrie. Plaintiff made a down payment of $600 and took possession of the premises. By the terms of the contract defendant was to furnish abstract showing a merchantable title, when plaintiff was to pay the balance of $1,600 on the purchase price. Abstract was furnished by defendant about July 1, 1921, and disclosed that the premises involved had been once owned by Eda Filk, a married woman, and occupied as a home by her and her husband for a number of years, mortgaged by them jointly several times, and that in 1919 Eda Filk attempted to convey the same without her husband joining in the conveyance. Other defects also existed in the title as shown by the abstract tendered. Plaintiff thereupon vacated the premises and demanded the return of the $600 paid, and after extended and futile negotiations this action was commenced September 21, 1921. The petition was in the usual form.

Defendant's amended answer contained a general denial and an admission of the execution of the contract, the receipt of the $600 and its retention by him. As an affirmative defense he alleged breach of the contract by plaintiff in failing to pay him the remainder of $1,600 on the purchase price and sought to justify his retention of the $600 by this alleged breach. As a special defense he alleged, in substance and effect, that there is a custom and usage among real estate dealers in Logan county of submitting abstracts showing defective titles for the purpose of having purchasers discover and point out such defects, and that the dealers are then entitled to a reasonable time in which to remedy such defects. There is no allegation that plaintiff knew of such custom and contracted with re-erence thereto. He tendered into court a supplemental abstract dated October 21, 1921, together with a warranty deed dated the day after plaintiff filed her petition.

Trial was had December 27, 1921, resulting in a decree in favor of plaintiff, and, after unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant. respectively, as they appeared in the trial court.

John J. Hildreth and Fred W. Green, for plaintiff in error.

R. C. Bassett, for defendant in error.

Opinion by LOGSDON, C. Defendant relies for reversal on three propositions, as stated in his brief, but these three may be stated as one proposition, thus:

"That the findings and decree of the trial court are contrary to the evidence and contrary to law, and are not supported by either."

This being an equitable proceeding this court is authorized to consider all of the evidence to determine whether the findings of fact made by the trial court are sustained by the evidence, and whether the conclusions of law based on the findings of fact are authorized. The trial court made findings of fact as follows:

"That the title to the real estate involved was at one time duly vested in one Eda Filk and the same was occupied by said Eda Filk and her husband, William C. Filk, as a homestead; there appear separate deeds executed at different dates, in said abstract, by Eda Filk and her husband."

Upon the above findings of fact the trial court concluded as matters of law, first: That defendant, Roy Kneeland, failed to comply with the terms and provisions of his contract of June 8, 1921; second, that by reason of said deeds being separate the title presented was and is not a merchantable title.

The decree is in conformity to these findings and conclusions.

Under the propositions urged by defendant the only question of fact to be determinded is whether the evidence reasonably tends to establish that the property involved was once occupied as a homestead by Eda Filk and her husband. There is no contention that they ever executed a joint deed to the property, nor that they ever acquired a joint homestead elsewhere.

The evidence upon the question of the homestead character of this property while owned by Eda Filk is wholly documentary. From this it appears that she was married to William C. Filk February 22, 1901; that she bought the property at an executor's sale on July 18, 1907, for a consideration of $1,500; that July 1, 1907, William C. Filk and Eda Filk, his wife, executed a mortgage on the property for $800 in favor of the Detroit United Bank of Detroit, Mich. The deed to Eda Filk was recorded August 5, 1907, at 10 a. m.; the mortgage from William C. Filk to Eda Filk, his wife, was recorded on the same day, but at 1:30 p. m. The release of this mortgage was executed August 20, 1914, in favor of William C. Filk. On July 20, 1907, Eda Filk and William Filk executed a mortgage on this property to Henry Redekeh for $600, and it was recorded August 31, 1907. This mortgage was released to Eda Filk November 7, 1910, and on the same day a new mortgage was executed by the wife and husband to Redeker for $500. This mortgage was released to Eda Filk November 30, 1914. She thereafter, on October 24, 1919, executed a deed to the property without her husband joining therein, and in an affidavit attached to and made a part of that deed it is recited:

"On the 5th day of May, 1911, that myself and husband resided upon the above described property in the city of Guthrie, Okla. On the 14th day of August, 1913, that myself and husband removed permanently from Guthrie and located at Denver, Colo. That I am residing in the city of Denver at this time at 928 Acoma street, but am unable to state the definite whereabouts of William F. Filk. That the money obtained on the sale of the above described property purchased from me by A. C. Edwards is obtained upon the representation as is stated. And that the same premises is my own separate property and that my husband has no interest thereon. And that the same is not a homestead. or occupied as such on any former reservation made for such intentions."

These documentary facts were all shown in the abstract which defendant delivered to plaintiff about July 1, 1921, in performance of his contract to "convey or have conveyed" "a merchantable title." That defendant expected and insisted on plaintiff's acceptance of this title, as testified to by her, is shown by the following allegation in paragraph 7 of his amended answer. He alleged:

"That the defendant was not advised as to the exact defects alleged in said title until the filing of the amended petition herein, and had no information as to what said alleged defects were, except as to the lack of a deed from William Filk, husband of Eda Filk, and the defendant alleges that said deed was not necessary or material for the reason that said property was not the homestead or occupied as such by said Eda Filk at the time of her conveyance."

There was nothing to show that these people ever acquired a new and different homestead. There was nothing to show that they had been divorced. Under such circumstances the wife cannot be heard to say what are the husband's intentions regarding the homestead when she is living separate and apart from him. Neither can defendant be heard to say that he had no notice of the defects in the title which were disclosed by the abstract which he tendered.

The question of what constitutes an abandonment of the homestead is always one of fact, but the evidence thereof must be clear, cogent, and convincing. McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163; German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 Pac. 1094; Elliott v. Bond, 72 Okla. 3, 176 Pac. 242. Unless abandonment of the homestead is established, or divorce of the parties shown, a deed by one

holding the record title, not joined in by the other spouse, is wholly ineffectual and absolutely void.

But defendant insists that he was entitled to a reasonable time to perfect the title. His contract does not so provide. He bound himself to deliver an abstract showing "merchantable title." This he did not do. He is charged with notice of what the abstract tendered by him showed. Upon a tender by him of defective title plaintiff had the right to rescind, which she did promptly. Proof of custom or usage to vary the plain and unambiguous terms of the contract was inadmissible. Number One Oil Co. v. Wilcox, 95 Okla. 227, 219 Pac. 132; Moore v. Craft, 97 Okla. 128, 222 Pac. 983.

It is therefore concluded that the findings of fact made by the trial court are amply sustained by the evidence, and that the conclusions of law based thereon are correct. The judgment and decree of the trial court should be in all things affirmed.

By the Court: It is so ordered.