## INDIAN TERRITORY ILLUMINATING OIL CO. v. KILLINGSWORTH et al.

No. 25160.    Oct. 8, 1935.

Rehearing Denied Nov. 26, 1935.

Fred M. Carter, W. P. McGinnis, Archibald Bonds, and Donald Prentice, for plaintiff in error.

Cornelius Hardy, for defendants in error.

GIBSON, J. Plaintiff in error, hereinafter referred to as defendant, was assignee of a certain oil and gas mining lease, and was engaged in producing oil from the leased premises. The Carter Oil Company was purchasing all the oil produced and making payment therefor in accordance with a written division order executed by defendant and certain persons who were the royalty owners at the time of the execution of the division order. The defendants in error, hereinafter referred to as plaintiffs, each purchased certain royalty interests in the premises and notified defendant of their purchases. Defendant failed to notify the Carter Oil Company of this change in ownership, and that company continued to pay the royalty owners as designated in the aforesaid division order. As a consequence plaintiffs failed to receive their proportionate parts of the royalty payments, and they instituted their separate actions against defendant in the superior court of Seminole county therefor. The causes were consolidated and tried, resulting in a separate judgment for each plaintiff, from which judgments this appeal is prosecuted.

The provisions of the lease upon which this consolidated action is based are as follows:

"In consideration of the premises the said lessee covenants and agrees:

"1st, to deliver to the credit of the lessor, free of cost, in the pipe line to which he may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises. * * *

"If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed, the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns, but no change in the ownership of the land or assignment of rentals or royalties shall be binding upon the lessee until after the lessee has been furnished with a written transfer or assignment or a true copy thereof: and it is hereby agreed in the event this lease shall be assigned as to a part or parts of the above-described lands and the assignee or assignees of such part or parts shall fail or make default in the payment of their proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands which the said lessee or any assignee thereof shall make due payment of said rental."

The evidence is that the defendant was duly notified of plaintiffs' purchases as required by the terms of the lease. The following extract from one of the petitions discloses the nature of the action:

"That notwithstanding the receipt of said notice and the examination and return of said deed the defendant wholly failed, neglected and refused to deliver to the plaintiff herein his interest as alleged in all the oil or gas rentals or royalty produced from said land under the terms of said lease prior to the first of April, 1930, by delivering to plaintiff's credit free of cost in the pipe line to which its wells were connected as provided by the terms of said lease; that demand has been made of said defendant for the payment of the value of plaintiff's interest in and to said oil and gas rentals or royalty in the sum of $1,000, but defendant refused and still refuses to pay the same."

This paragraph specifically pleads a breach of the covenants contained in the lease contract.

It is said that plaintiffs were at all times aware of the fact that the Carter Oil Company was paying one Stubbs for plaintiffs' interest in the royalty. It is contended in this connection that plaintiffs were guilty of willful neglect of their own rights, and that the judgments of the trial court were unwarranted in that the defendant, at all hazards and regardless of the conduct of plaintiffs, was made an insurer and guarantor of plaintiffs' royalties under their mineral deeds. This contention, in the absence of one or more of the necessary elements of estoppel, can avail the defendant nothing. It is not alleged and proved that the acts of the plaintiffs were in any way known to and acted upon by defendant to its detriment.

It is further contended by defendant that the plaintiffs were experienced royalty dealers and were well aware of the rules and customs of the oil business, particularly the rule and custom that royalty oil was never paid for until division orders were properly executed by the owners and furnished the purchaser. Custom and usage may be pleaded and proved to aid in the interpretation of a contract, but never to create a new and different contract between the parties. Kneeland v. Hetzel, 103 Okla. 3, 229 P. 218.

The plain provision of the lease contract was "to deliver to the credit of the lessor" his portion of the oil to the pipe line to which the wells may be connected. This obligation assumed by the lessee appears plain and unambiguous, and we are unable to discover any clause elsewhere in the lease limiting the terms of this provision or placing upon the lessor or royalty owner a counter obligation inconsistent with the plain meaning of

the clause in question, except the obligation to notify the lessee of any change in ownership. To say that the plaintiffs were obligated to notify the Carter Oil Company of the change in ownership of that portion of the royalty purchased by plaintiff would amount to the creation of a new and different contract between the parties to the lease and the introduction into the contract of a wholly new and different party not in privity with the parties and not contemplated by the contract. The lease here under consideration is an express contract. Custom may not be allowed to vary its express terms. Bridges v. Union Cattle Loan Co., 104 Okla. 74, 229 P. 805.

Defendant next contends that the actions are not founded upon contract, but upon tort for damages for the conversion of the oil. It is argued, therefore, that the actions are barred by the two-year statute of limitations, being subdivision three of section 101, O. S. 1931, which is as follows:

"Third. Within Two Years. An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

As authority for this proposition the case of Clark v. Slick Oil Co., 88 Okla. 55, 211 P. 496, is cited. The fifth paragraph of the syllabus of that case is as follows:

"When by the terms of an oil and gas lease, it is incumbent upon the lessee to deliver the lessor's share of the oil in the pipe line, and he fails to do so, and the lessor demands the delivery of the oil in the pipe line, or settlement for the oil on the basis of its delivery in the pipe line, and the lessee fails, neglects, or refuses to deliver the lessor's share of the oil in the pipe line or make settlement on the basis of the oil delivered in the pipe line, this constitutes conversion of such oil by the lessee."

That case is similar in character to the present case, but the plaintiff there was at liberty to found his action upon tort and disregard his right to recovery upon contract. Owen v. State ex rel. Mothersead, 133 Okla. 183, 271 P. 938. We do not have the petition in that case before us, but the first sentence in the opinion of the court states: "This action was commenced * * * for the conversion of certain oil by the defendant which was the property of the plaintiff." The statute of limitations was not in question in that case.

Conceding that the facts as alleged in the petitions in the present case constitute conversion, the petitions also plead a cause of action on contract, and it may be said that the allegation of facts constituting conversion was pleaded by way of inducement, essential only in so far as was necessary to allege facts sufficient to establish breach of contract. Logan v. Brown, 20 Okla. 334, 95 P. 441; Hawk v. U. S. F. & G. Co., 83 Kan. 775, 112 P. 602. We, therefore, hold that the consolidated causes here under consideration were actions ex contractu and not ex delicto, and do not come within the classification defined in subdivision 3, section 101, supra.

The contention that there existed no privity of contract between plaintiffs and defendant is not well taken. By express covenant in the lease privity of contract existed between the parties. There existed privity of estate between the original lessor and his lessee and the defendant as assignee of the lessee. There existed privity of estate between the original lessee and the plaintiff as his assigns. 50 C. J. 407. By express contract in the lease there existed privity of contract and estate between the owners of the lease and the owners of the royalty interest. 50 C. J. 408; Bonfils v. McDonald (Colo.) 270 P. 650.

We cannot agree with defendant's contention that the judgment of the trial court is not supported by the evidence and is clearly without the issues presented by the pleadings. The effect of the holding of the trial court is that the defendant failed to perform its contractual obligation in neglecting to notify the Carter Oil Company of the change in the ownership of the royalties so that the oil running to the plaintiffs would not be delivered to the credit of another.

Defendant insists that plaintiffs' amended petitions constituted a departure in the pleadings. The record does not contain the original petitions in the causes. We may therefore not consider that question.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.