**Glenn W. WILL et al., Plaintiffs in Error,**

**v.**

**W. E. JONES, Jr., et al., Defendants in Error.**

**No. 42275.**

Court of Appeals of Oklahoma
Division No. 90.
Oct. 30, 1969.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiffs in error.

Leoffler & Allen, Bristow, for defendants in error.

MILLS, Judge.

This appeal involves an action for damages for the alleged breach of a contract for the sale of real estate brought by the sellers, plaintiffs, against the purchasers, defendants. The Court granted a summary judgment for the defendants.

The petition so far as material here, alleged the making of the written contract on April 2, 1957, that defendants occupied the premises from April 10, 1957 to October 10, 1957, making all the payments as required by the contract during that period. About October 10, 1957, defendants repudiated the contract, gave plaintiffs the keys to the house, moved out, and have not made or tendered any payments since that time. Plaintiffs further alleged that they were owners of the property, but had not furnished or tendered to defendants an abstract of title nor a deed to the property, and none has been demanded by the defendants. Plaintiffs asked for damages for breach of the contract.

The contract dated April 2, 1957, was subscribed by the defendants before a Notary August 24, 1957, and so far as material here, provided that sellers have a valid title in fee simple, agree to furnish abstract to date of sale and convey said premises by general warranty deed. It provided for certain monthly payments, and that "sellers had the privilege of obtaining a long-term loan on the property."

A written stipulation of facts dated May 23, 1966, was filed in the case, wherein it was agreed, so far as material here, that seller only owned one-fourth of the mineral rights in the land; that the land was subject to an easement for an electric transmission system, and one for a gas pipeline, that there were two liens in substantial amounts of record and unreleased, and that from February, 1957, to June, 1958, the record title to the property was in the name of one Taylor. Taylor made a warranty deed to plaintiffs which was recorded in June, 1958. It was also stipulated in open court, and into the record, as to the taking of possession by defendants and the payments made by them, as alleged, the making of the contract and subscribing thereto, and that defendants were never furnished an abstract of title to the property.

A motion for a Summary Judgment is authorized by Rule No. 13, of the Supreme Court: 12 O.S.Supp.1967, C. 2, appendix. No such judgment should be sustained where there is a disputed question of fact on the record, or where different conclusions could be reached on undisputed facts, Flick v. Crouch Welding

Service (1967) Okl., 434 P.2d 256. It is the duty of a trial court to grant a Motion for a Summary Judgment when the admitted facts and law justify such action. Hill v. Graham, Judge, (1967), Okl., 424 P.2d 35.

■ The specific allegations of plaintiffs in their petition are binding on them, Gibson Oil Co. v. Hayes Equipment Mfg. Co. (1933), 163 Okl. 134, 21 P.2d 17, 88 A.L.R. 104, as are the stipulations filed in the case, and those made into the record in open Court, Evans v. Raper (1939) 185 Okl. 426, 93 P.2d 754.

■ The contract provided that sellers have a valid title in fee simple, they agree to furnish an abstract, and convey the premises by general warranty deed. No time for furnishing the abstract or delivery of the warranty deed was imposed in the contract. Even though no time for delivering the abstract was specified, there was still an obligation to do so. No abstract was ever submitted or tendered, Kneeland v. Hetzel, 103 Okl. 3, 229 P. 218. All during the time, from the date of the contract to long after the defendants moved out of the property the record title was in one Taylor. Plaintiffs at no time had a fee simple title. See In re O'Brien's Trust Estate, 197 Okl. 436, 172 P.2d 607 and authorities cited. A vendee is under no obligation to take less than agreed to be sold him. Hurford v. Norvall, 39 Okl. 496, 135 P. 1060. Defendants, under the facts had the right to rescind, Kneeland v. Hetzel, supra; Kendall v. Hastings, 200 Okl. 643, 196 P.2d 998.

Affirmed.

BERRY, P. J., and HARRIS, J., concur.