## MOORE v. CRAFT.

No. 12722—Opinion Filed Jan. 29, 1924.

1. **Trial—Pleadings — Issues — Variance— Demurrer to Evidence—Failure of Proof.**

Where an action is brought upon a quantum meruit for a balance of the alleged reasonable value of services rendered. and upon the trial plaintiff proves an express contract for a fixed and stated sum, which sum he admits has been paid, there is a failure of proof and not a mere variance, and this failure of proof cannot be cured by proof of a custom which would add additional terms and conditions to the clear and unambiguous contract between the parties.

2. **Customs and Usages—Not Admissible to Create New Contract.**

Where a contract is clear, definite, and certain, extraneous evidence of a custom or usage which would import new liabilities thereunder as against one of the parties is not admissible. Custom and usage can only be proven to aid the interpretation of a contract otherwise of doubtful meaning, but never for the purpose of creating a new and different contract.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Okmulgee County; Hugh Murphy, Judge.

Action by John F. Craft, against J. W. Moore, to recover the sum of $100 upon a quantum meruit. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

This action was originally commenced by J. F. Craft before a justice of the peace of Okmulgee county, and upon trial had before such justice judgment was rendered in favor of the defendant, from which an appeal was taken to the county court. Upon trial anew in the county court there was verdict and judgment for the plaintiff for the sum of $100 to reverse which this proceeding in error was commenced.

In his original bill of particulars plaintiff sued upon a quantum meruit for the dismantling and rebuilding of an oil derrick, and alleged, in substance, that the work was reasonably worth the sum of $400; that defendant had paid him the sum of $300, and there remained due and unpaid upon said

claim the sum of $100, for which he prayed judgment.

Defendant answered by general denial, and also specifically alleged that the plaintiff agreed to dismantle and rebuild said derrick for the sum of $300, and that he had been paid for the same, and was, therefore, not entitled to recover anything. Defendant also filed a cross-bill of particulars against the plaintiff, the items of which it is unnecessary here to set out.

The parties will hereafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

S. L. O'Bannon, for plaintiff in error.

S. W. Rose and Robert R. Smith, for defendant in error.

Opinion by LOGSDON, C. Defendant assigns seven grounds of error in his petition in error, but in the view taken of the case by this court it will only be necessary to discuss the third assignment of error, which reads as follows:

"Said court erred in overruling defendant's demurrer to the evidence of plaintiff at the close of plaintiff's evidence."

To sustain his claim in this action, plaintiff testified, in substance, that about March 1, 1920, he met the defendant at the Parkinson Hotel in the city of Okmulgee, and that defendant then and there employed him to dismantle and rebuild an oil derrick. As to the terms of the contract between the parties, plaintiff testified as follows:

"I met him in the Parkinson Hotel and he asked me what my price was, and I told him $300; that was all that was said and I went out and tore down the rig and the walking beam was broke and no good; nothing was said at that time about any extra work; I gave him the price for tearing down and rebuilding the rig; it is customary to get pay for the extra work." (C.-M. 30.)

Again, at page 33, plaintiff testified:

"He told me he had a rig he wanted me to tear down and rebuild, and asked me what my price would be, and I told him $300; there was nothing said about the new work."

On cross-examination, at page 37, plaintiff testified:

"Q. From the time you made this contract with Mr. Moore, Mr. Craft, until you had rebuilt the rig, did you have any conversation with Mr. Moore? A. I believe I talked with him about some timber. Q. I mean about this contract? A. No, sir. Q. You never said anything to him about the extra charges until after the rig was completed?

A. No, there was nothing said about the extra charges."

In the interpretation of contracts it is provided by the statutes of this state that certain rules shall be observed. The following sections of Comp. Stat. 1921, are applicable in this case:

"5041. The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

"5047. The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

According to the testimony of the plaintiff there was an express agreement between the parties whereby plaintiff agreed and bound himself to dismantle and rebuild a certain oil derrick for the sum of $300, and the defendant agreed and bound himself to pay the sum of $300 for such services. There appears no uncertainty or ambiguity in the terms of this express contract. In the ordinary and popular sense of the language used the duty assumed by the plaintiff was to tear down and rebuild the oil rig. Nothing was said in reference to any extra work, and the testimony appears to show that the principal item claimed by the plaintiff for extra work was the replacing of the walking beam, which was broken during the process of dismantling the rig by being thrown to the ground. Plaintiff, without pleading that extra work, outside of his contract, was done by him in the carrying out of his contract with defendant, and for which he was entitled to compensation, brought his action upon the theory that he had done $400 worth of work for defendant upon a quantum meruit basis, and that he had been paid only $300, but upon the trial his testimony developed that he had entered into an express oral agreement with defendant by which he was to do and perform certain services for the agreed price of $300. His testimony further showed that he had been paid the contract price, and that this action was brought, not upon his contract, but upon a claim which he made against the defendant in excess of the contract. By Comp. Stat. 1921, sec. 314, it is provided that when the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a variance, but a failure of proof.

To justify this departure from the theory upon which he pitched his action, plaintiff

sought to prove a custom among oil rig builders to charge extra for extra work. The record discloses that his effort to make this proof was very unsatisfactory, his witnesses either testifying to their personal course of dealing in such instances or to what others told them they had done. No effort was made and no proof was offered which showed, or tended to show, that when a rig builder dismantles a rig under contract to rebuild it, and in the process of dismantling breaks or otherwise renders useless any part of the rig, that the replacing of that part is comprehended by the custom which he sought to establish of charging for extra work. In the ordinary and popular sense, and as a matter of law as well, such replacement of broken parts by a person who caused the damage thereto would not be deemed extra work for which such person would be entitled to extra compensation. Since the terms of the contract between plaintiff and defendant were definite and certain, it would be incumbent upon the plaintiff, even under the theory upon which he tried his case to prove that there was a custom and usage in the oil fields whereby the replacing of such broken or damaged material by the contractor was recognized as extra work, and would entitle him to extra compensation. The mere fact that a custom and usage prevailed by which a rig builder is entitled to extra compensation for extra work would not prove that plaintiff was entitled to the benefit of such custom under the fact presented by this record. However, it is not considered that plaintiff was entitled, even under his theory of the case, to prove such custom and usage under the circumstances shown here for the reason that there was nothing ambiguous or uncertain in the terms of the contract, and it is only when such ambiguity and uncertainty exists that custom and usage may be shown to explain such ambiguity and uncertainty.

In Number One Oil Co. v. Wilcox, 95 Okla. 227, 219 Pac. 132, this court, speaking through Justice Nicholson, said:

"Proof of usage and custom is inadmissible where there is no ambiguity or uncertainty in the terms of a contract, and the condition sought to be annexed was not by way of explanation or interpretation, but in addition to the contract."

No effort was made by plaintiff to show that the custom which he sought to prove was known to the defendant, or that it was so notorious, universal, and well established that he would be presumed to have notice of it. This was necessary if proof of such custom and usage had been competent at all in this case. Talbot et al. v. Mattox, Daw-

son & Posey Realty Co., 26 Okla. 298, 109 Pac. 128.

Plaintiff having wholly failed to make out a case either upon quantum meruit or under his express contract, this cause should be reversed and remanded, with directions to the trial court to vacate the judgment herein and to sustain defendant's demurrer to the evidence of plaintiff.

By the Court: It is so ordered.