## EQUA OIL CORPORATION v. BLACK et al.

No. 14400—Opinion Filed Feb. 9, 1926.

(Syllabus.)

1. **Oil and Gas—Action for Balance Due for Drilling—Question of Oral Modification of Contract—Evidence and Instruction.**

In an action for balance due for drilling an oil well, where the allegations in the petition show that plaintiff's claim is based upon a written contract, as modified by a subsequent oral agreement, and the defendant answers specially denying that there was any oral agreement, and the issue of fact is made as to whether the drilling was done under a written contract, at so much per foot, or under a verbal contract, at so much per day, it is not error to admit testimony upon such issue, and where testimony is offered, it is not a variance from the pleadings to instruct the jury upon such issue, nor error to instruct upon such issue.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

The jury being properly instructed on a decisive issue of fact, the verdict will not be disturbed where the evidence reasonably tends to support same.

Error from District Court, Osage County; C. C. Smith, Assigned Judge.

Action by Elmer J. Black and C. B. Crow against Equa Oil Corporation and Lee Morrison for balance for drilling an oil well. Judgment for plaintiffs, and for defendant Morrison. Defendant corporation appeals. Affirmed.

Rowland & Talbott, for plaintiff in error.

John L. Arrington, for defendants in error.

HARRISON, J. This action was begun in the court below by defendants in error against plaintiff in error, and one Lee Morrison, for a balance alleged to be due defendants in error for additional drilling done in an oil or gas well on an Osage lease. The said Lee Morrison was made party defendant in the court below, as he was the original lessee and made the original written contract for drilling with defendants in error, but later assigned his lease and said written contract to the Equa Oil Corporation which assumed all obligations toward the defendants in error.

On the trial of the cause the jury found in favor of said Lee Morrison, but against the Equa Oil Corporation, and Morrison is not made a party to this appeal.

The defendants in error, Black and Crow, were the drillers, and will be referred to as such; plaintiff in error, Equa Oil Corporation, was the employer, and being so designated in some of the pleadings and briefs, will be herein referred to as the company.

By additional drilling we mean drilling done after the well had been drilled to a depth of something over 1,900 feet to a certain sand, under the terms of the written contract. It appears that, upon reaching such sand and its giving promise of oil in paying quantities, the company concluded to drill no further and to take the well over and shoot it, whereupon it was orally agreed between the company and the drillers that the well be drilled no deeper, that the com-

pany take over the well, that the drillers be paid according to the terms of the written contract for all the work they had done and that the company would shoot the well. These conditions were orally agreed to and assented to by the parties, and the company took charge of the well and shot it. After shooting the well and after some further operations and work done, not material to the questions here presented, the company concluded that this sand contained no paying quantities of oil or gas, and that the well be drilled deeper, whereupon it was orally agreed between the company and the drillers that the well be drilled to a deeper sand, and pursuant to such agreement they drilled to a greater depth, until at the instance of the company the drilling ceased and a portion of what the drillers claimed to be due them was paid by the company, but the drillers claimed a balance of $1,950 to be due them and filed a laborer's lien for said balance, and later brought this suit to foreclose said lien and recover said balance, and upon trial of the issues obtained a judgment in their favor against the company, and the company appeals from such judgment.

The point of controversy here is whether the additional drilling was done under the original written contract, which provided for a stated price per foot, or whether it was done under such contract as modified by a subsequent oral agreement after the written contract had been terminated and the drilling done under it settled for. The amount sued for was the difference between what the company claims would have been due under the written contract, at so much per foot, and what the drillers claimed was due under the alleged oral agreement at so much per day. The company contends here, and contended below, that the additional drilling was done under the written contract at so much per foot, and that this action was a straight suit upon the written contract. The drillers contend here, and contended below, that the action and their right of recovery was not based upon the original contract alone, but upon the original contract as modified by the subsequent oral agreement to resume drilling after it had been stopped and the well taken over by the company, and upon such theory offered proof of the customary day rate for additional drilling under the field custom in such circumstances.

The trial court, over the objection of the company, received testimony as to the field custom and day rate fixed by such custom for additional drilling, and also received testimony on the issue of fact as to whether the additional drilling was done under the original written contract at so much per foot, or done under the field custom for additional drilling at so much per day, and the court, among other things, instructed the jury that if they believed from a preponderance of the testimony that a verbal agreement was entered into between the parties to resume and continue drilling at the direction of the company, at so much per day according to the custom of the field, and should find by a preponderance of the evidence that pursuant to such agreement the drillers did do the additional drilling under said conditions, the verdict should be in favor of the drillers and against the company. The company objected and excepted to such instruction on the ground that it was outside of the issues made by the pleadings, and on the ground that the introduction of testimony as to whether or not there was a verbal agreement, and testimony in regard to the field custom or additional drilling, was a departure from the theory and right of action upon which the drillers, in their petition, based their right to recover, and that such departure was a surprise to the company and constituted a fatal variance from the issues made by the pleadings. The same contention is made here by the company, plaintiff in error, and that the trial court erred in instructing the jury on such issue.

All these contentions may be settled by the record alone. The petition of the drillers contains, among other averments, the following:

"That upon so striking the said showing of oil, the said Equa Oil Corporation, then having charge of the said drilling, decided to abandon further drilling of the said well under the terms of the contract of $2.50 per foot and to shoot said well, which was done, settlement being made between the parties in reference to the amount due. * * * That after the completion of the work by the foot, as hereinbefore stated, and on or about the 28th of June, 1920, that the defendants herein, reaching the conclusion after shooting the said well that they had struck oil in paying quantities and desiring to have same pumped, that the said defendants, Lee Morrison and Equa Oil Corporation, by Lee Morrison, president, and C. Burlingame, sec'y., and the plaintiff herein by a verbal agreement contracted and agreed with each other that in pumping said well * * * that the defendants would pay the plaintiffs herein the reasonable and customary price for the use of plaintiffs' machinery in so pumping said well and that said reasonable and customary price these plaintiffs allege was the sum of $50 per

day of 12 hours. And that a.ter so pumping the said well for a short time that the defendants decided to drill the said well deeper and asked that plaintiffs continue said drilling under the terms of the original contract, such work as shown by said contract to be day work at the price of $100 per day of 24 hours, and that the plaintiffs in keeping with said request of defendants, and in keeping with the terms of said written contract, continued to perform labor for, and to drill for, and do other things that were necessary for the further completion of said well, all being done at the special instance and request, and under the supervision of defendants until the 15th day of October, 1920, at which time the defendants finally abandoned said well. That all the work that was so done was day work as provided by the terms of the said contract ,and for which the defendants were responsible to the plaintiffs at the rate of $100 per day of 24 hours."

The petition contains the further allegations: That the defendants had been apprised of the amount which plaintiff's claimed to be due them for the additional drilling, and that defendant company had paid all of said claim except the sum of $1,950; that demand had been made upon said company for said balance and payment thereof had been refused by said company on the ground that said company had paid said drillers all that was due them for drilling at the rate of $2.50 per foot, and refused to pay the balance which the drillers claimed was due under a day rate for the additional drilling. The petition also alleges that they duly filed a mechanic's or laborer's lien for said balance, copy of which is attached to and made a part of their petition; and further alleges that due notice was served upon the said company of the filing of said lien. The answer of the defendant company contains, among other things, the following averments and specific denials, to wit:

"That it had paid the full contract price for the drilling of said well. It specifically denies that said contract was modified subsequently by verbal agreement, and further denies each and every other material allegation in said petition contained not herein admitted."

From the foregoing definite allegations in the petition and the foregoing specific denials in the answer, it must be seen that the issue as to whether the additional drilling was done under a verbal contract at so much per day or under the original written contract at so much per foot, was not only made an issue between the parties, but was the decisive issue and point of controversy between them, and was so understood by both parties.

It also appears from the record that, after issues had been joined and the parties had appeared and announced ready for trial, a jury having been empaneled to try the cause, the attorney for the drillers made an opening statement to the jury in which he told the jury the nature of the case, and in substance told the jury that this action was one for a balance due for additional drilling under a verbal agreement that such additional drilling was to be done at a day rate, and that the evidence would show that, pursuant to such verbal agreement, the work was resumed and continued under such verbal agreement until the drilling was ordered to be stopped by the company. In making his statement to the jury the attorney for the company stated:

"They claim they modified the contract by a verbal agreement; they amended their petition to show this, and we claim that they did not; we claim that we were working under this contract (meaning the written contract at so much per foot) and that there was no verbal modification of it."

He further stated, in substance, that he expected the evidence to support his contention.

Thus the statements of the respective counsel to the jury show that the issue as to whether or not additional drilling was to be done under the original contract at so much per foot, or done under the verbal contract at so much per day, was the decisive issue in the case and was recognized and understood by the parties, and that they had marshalled their witnesses to sustain their respective contention on this issue. This being true, these issues having been made by the pleadings, there was no departure from the theory upon which the action was brought in the first instance, no variance between the proof and pleading, nor surprise to the company in offering proof that the additional drilling was done under the verbal agreement at so much per day.

There being no grounds for the contention made by plaintiff in error, and it appearing from the plain face of the record that the instruction No. 5, complained of by plaintiff in error as being outside of the issues, was in fact clearly within the issues made by the pleadings, there was no error in the instruction. Neither was there error in admitting testimony in support of the drillers' contention that the additional drilling was done under the verbal contract at so much per day.

This being an action for money judgment, the issues of fact were, under section 532 of the Statutes, to be found by the jury.

The jury having heard the testimony, and under proper instructions of the court having rendered their verdict, such verdict will not be disturbed by this court, there being competent evidence to support the verdict.

The judgment is affirmed.

All the Justices concur.

Note.—See under (1) 27 Cyc. p. 746 (Anno). (2) 4 C. J. p. 853 §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.