GREENE v. KINLEY, Adm'x.

No. 29583.     Nov. 19, 1940.

Rehearing Denied April 2, 1941.

Application for Leave to File Second Petition for Rehearing Denied Sept. 9, 1941.

*116 P. 2d 887.*

F. C. Swindall, of Tulsa, for plaintiff in error.

Rogers, Stephenson & Dickason, of Tulsa, for defendant in error.

WELCH, C. J. In this action plaintiff seeks recovery of balance due for services rendered, pursuant to employment, in drilling and working in an oil and gas well. The exact controversy involves the drilling and work done in the last 532 feet, or from the 1,845 foot level to the bottom of the hole. Therefor plaintiff had verdict and judgment in the trial court for $1,015.20.

The work commenced under a drilling contract in writing to drill the well to a depth of 1,920 feet unless oil was found at a lesser depth, or second party (defendant) directed the well stopped at any depth.

The well was drilled to a total and final depth of 1,907 feet. It was plaintiff's contention and the theory of his case that in the drilling of the well, and at a depth of 1,845 feet, oil was found; that defendant was notified and had full knowledge thereof. And it is plaintiff's theory that by its specific terms the contract was terminated as to the drilling to be done at $1.05 per foot; that thereafter the defendant directed the further work to be done and agreed to pay therefor at a specified sum per day; and that defendant directed all further work that was done under the agreement to pay therefor at the fixed price per day, and continued to so direct the work until the final depth was reached.

On the contrary, the defendant contended that all of the drilling to the final depth of 1,907 feet should be paid for at the contract rate of $1.05 per foot. The defendant contended that the contract drilling was not finished at the 1,845 foot level, and that she did not employ plaintiff or contract for the further drilling at the per diem rate.

The words of the contract standing alone may not be wholly conclusive on this point, but certain contract expressions are of interest. The contract provided "the said well is to be drilled * * * to a depth of 1,920 feet unless oil is found at a lesser depth or second party (defendant here) directs the well stopped at any depth, the consideration for which shall be $1.05 per foot."

The contract also provided "when the said well approaches the oil or gas bear-

ing sand the party of the first part (driller) shall notify the party of the second part (defendant here) * * * and thereupon any further drilling and casing into or through the sand shall be requested by the said party of the second part * * * but the work in connection therewith shall be done by and under the direction and at the risk of the party of the second part (defendant here)."

There is evidence supporting plaintiff's contention that oil was found at the 1,845 foot level, that defendant was notified and had full knowledge thereof; that the parties treated the contract as finished as to the drilling to be done at $1.05 per foot; and that defendant fully acquiesced therein and directed the further drilling, and work, and agreed to pay therefor at the stipulated rate per day. That is to say, there was evidence sustaining plaintiff's contentions. There was also contrary evidence.

The issues were submitted to the jury, and the verdict for plaintiff constituted an adoption of his contention or theory of the case, and amounted to a rejecting of the defendant's contrary theory.

Whether oil was found at the 1,845-foot depth was a question of fact for determination by the jury under proper instruction of the court. If it was, thus resulting in a completing of the contract to drill at $1.05 per foot until oil was found, then the parties might sever their relation as employer and employee, or they might make a new contract. The jury by its verdict found that the latter was done, and that under the terms of the new agreement, plaintiff performed the work and labor sued on. The verdict and judgment being supported by competent evidence, it is our duty to affirm in the absence of prejudicial error, as we have many times held.

The defendant urges that all of the drilling down to the final depth was to be done at the price of $1.05 per foot pursuant to the written contract, and that plaintiff endeavored to change the terms of the written contract in his claim for the additional per diem compensation from the 1,845-foot depth to the final depth. We notice the authorities presented by the defendant, Number One Oil Co. v. Wilcox, 95 Okla. 227, 219 P. 132; Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 P. 598; Moore v. Craft, 97 Okla. 128, 222 P. 983, and others somewhat similar.

We do not consider these authorities controlling here, in view of the determination in the trial court, upon competent evidence and upon proper instructions, that the agreed drilling at $1.05 per foot was completed at the 1,845 foot level, and further work and drilling was done pursuant to new agreement for specified compensation.

The determination that the contracted drilling was completed and that a new contract covered the services performed below the 1,845-foot level, and that the same does not constitute an unauthorized varying of the terms of the written contract, finds analogy in the following cases: Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048; Equa Oil Corp. v. Black, 114 Okla. 107, 244 P. 40; Greenwalt v. Labenne, 167 Okla. 508, 30 P. 2d 873.

The defendant urges error in the giving of certain numbered instructions. These instructions merely submitted to the jury the controverted issues of fact above noted. The objection thereto is based on the contention that the evidence offered on those points constituted an effort to vary the terms of a written contract by parol. Since we have determined that the facts contended for would not, under the circumstances involved, constitute such varying of a written contract, we deem it unnecessary to discuss this assignment of error at length.

The judgment of the trial court following jury verdict based on competent evidence is affirmed.

CORN, V. C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and GIBSON, JJ., dissent.